## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WEATHER BRANDS LLC**, | **Civil Action No. 25-cv-2423** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| **v.** | |
| **BLUE MINERAL LLC, BLUE MINERAL CORPORATION, NORTHROCK MINERALS LLC, NORTHROCK MANAGEMENT LLC, MOSHE WECHSLER, BARRY WACHSLER and JOHN DOES 1-10**, | |
| Defendants. | |

## COMPLAINT

Plaintiff Weather Brands LLC (hereinafter, including prior owners of the trademark, trade dress and other legal rights asserted herein, collectively referred to as "Weather Brands" or "WB" or "Plaintiff"), by and through its undersigned counsel, Practus LLP, hereby asserts its Complaint against defendants Blue Mineral Corporation ("BMC"), Blue Mineral LLC ("BML"), Northrock Minerals LLC, Northrock Management LLC (the Northrock entities individually and collectively, referred to herein as "Northrock"), Moshe Wechsler, Barry Wachsler, and John Does 1-10 (individually and collectively, "Defendants"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This case arises out of Defendants' unauthorized use and infringement of multiple federally-registered and common law trademarks owned by Weather Brands, in violation of both federal and state law.  Weather Brands's present claims for infringement of its federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and

false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), for trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of trademark infringement, dilution and unfair competition under the statutory and common laws of the State of New York, arise from the Defendants' unauthorized use of Weather Brands's trademarks and trade dress in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' co-called "**BLUE FIRE**" and "**FLAKES OF FIRE**" lines of snow and ice melt products.[1]

2.      For approximately twenty (20) years, millions of packages of snow melt products have been manufactured, promoted and sold, bearing Plaintiff's valuable "**BLUE HEAT**" and/or "**PELLETS OF FIRE**" and related trademarks, which are protected by statute, common law and/or trademark registrations at the Federal and state level (collectively "the **WB Asserted Trademarks**").

3.      Consumers throughout the U.S. recognize Plaintiff's **BLUE HEAT** and **PELLETS OF FIRE** trademarks and know Plaintiff's products as genuine, high-quality goods available for purchase throughout the U.S., both in retail stores and in numerous online marketplaces—including many large national retailers such as Home Depot, Lowes, Tractor Supply, Amazon and Woot.

4.      As further detailed herein, Defendants' "**BLUE FIRE**" and "**FLAKES OF FIRE**" designations, which they use in commerce in the United States, in the State of New York and within this judicial district, in connection with their "copycat" lines of snowmelt products, are substantially and confusingly similar to Plaintiff's **BLUE HEAT** and **PELLETS OF FIRE** and related trademarks, and Defendants' commercial use of those designations and similar designations to promote and sell snow melt products causes harm to Plaintiff, including in the State of New York

---

[1] Herein, "snow melt" and "ice melt" are used interchangeably to refer to commercial products comprising chemical compounds used to melt snow and/or ice.

and within this judicial district.

5.    Among other relief, through this action, Weather Brands seeks damages, an order compelling the disgorgement of profits obtained by Defendants through their infringement, and entry of injunctive relief to prevent further misconduct by Defendants.  Weather Brands also seeks an order directing the U.S. Patent and Trademark Office (the "PTO") to cancel Defendants' registered trademarks, if any, and to not grant and to mandate abandonment of all pending trademark applications filed by Defendants.

6.    Plaintiff brings this action so as to protect the value and substantial goodwill that has been developed in its trademarks, to stop Defendants' current infringement of Plaintiff's trademarks and to prevent further infringement, and to recoup the damages caused by Defendants' misconduct.

## THE PARTIES

7.    Plaintiff Weather Brands LLC is a Texas limited liability company with business operations and activities throughout the United States, and a business office within this judicial district, located at 134 W. 29th Street, New York, NY 10001.

8.    Weather Brands is the owner of well-known, valid and subsisting trademarks used in connection with the marketing and sales of the **BLUE HEAT** and **PELLETS OF FIRE** branded snow melt products sold to consumers throughout the United States and around the world.

9.    Weather Brands's famous trademarks include, but are not limited to, the **BLUE HEAT** and **PELLETS OF FIRE** registered trademarks used in connection with certain of Plaintiff's snow melt products, which are sold by Weather Brands throughout the United States, in the State of New York and in this judicial district.

10.    On information and belief, defendant Blue Mineral LLC ("BML") is a New York limited liability company headquartered in New York.

3

11.     On information and belief, defendant Blue Mineral Corporation ("BMC") is a New Jersey corporation headquartered in New York.

12.     On information and belief, BML and BMC are controlled by, and are alter egos of, other Defendants in this action.

13.     On information and belief, Defendant Northrock Minerals LLC is a New York limited liability company with its principal place of business located at 777 Chestnut Ridge Road, Suite 301, Chestnut Ridge, New York 10977.  This place of business is located in Rockland County, New York, which is within this judicial district.

14.     On information and belief, on or about September 6, 2022, defendant Northrock Minerals LLC changed its name to Northrock Management LLC (both Northrock Minerals LLC and Northrock Management LLC are referred to herein, individually and collectively, as "Northrock").

15.     On information and belief, defendant Moshe Wechsler is an individual with an address located at 777 Chestnut Ridge Rd, Suite 301, Chestnut Ridge, New York 10977.  As recited in more detail below, on information and belief, Moshe Wechsler is the owner of a controlling interest in the Northrock defendants and BML).

16.     On information and belief, defendant Barry Wachsler is an individual with an address located at 100 Cedarhurst Ave, Suite 203, Cedarhurst, New York 11516.  As recited in more detail below, on information and belief, Barry Wachsler is the owner of a controlling interest in defendant BML.

17.     On information and belief, Defendants have business operations targeting customers throughout the United States, including in the State of New York and within this judicial district.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.  As set forth in 15 U.S.C. § 1121, for example, "[t]he district and territorial courts of the United States shall have original jurisdiction ... of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

19.    This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367, as they arise out of the same set of underlying factual allegations.

20.    This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have directed marketing and sales efforts into the State of New York and, in particular, into this judicial district.

21.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(a) because Defendants have committed acts of infringement within, and do business within, this District.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Ice Melt Brands and Relevant Trademarks**

22.    For many years, industry-leading ice melt products bearing the **BLUE HEAT** and/or **PELLETS OF FIRE** trademarks and trade dress have been manufactured, promoted and sold in the United States.  Plaintiff's valuable brands of ice melt products continue to be sold throughout the United States, in the State of New York, and in this judicial district.

23.    In connection with its ice melt business, Plaintiff owns multiple federally-registered trademarks (individually and collectively, the "**WB Registered Trademarks**"), as well as

trademarks protected by statute, common law and/or trademark applications (all of the foregoing, individually and collectively, the "**WB Asserted Trademarks**"), including without limitation: (i) its United States federal trademark registration for the word mark BLUE HEAT SNOW AND ICE MELTER, U.S. Reg. No. 5,000,400 (the "'400 Registration" or the "**BLUE HEAT** Registration") and (ii) its United States federal trademark registration for the word mark **PELLETS OF FIRE**, U.S. Reg. No. 5,580,215 (the "'215 Registration" or the "**PELLETS OF FIRE** Registration").

24.    Plaintiff's **BLUE HEAT** Registration is directed to a standard character mark that was registered with the United States Patent and Trademark Office on July 12, 2016. The **BLUE HEAT** Registration, which includes a disclaimer of SNOW AND ICE MELTER under Section 6 of the Trademark Act), was issued in International Class 001 for "Chemical preparations for melting snow and ice", and states that the trademark registered therein was first used in commerce at least as early as October 10, 2005. A true and accurate copy of Plaintiff's **BLUE HEAT** Registration is attached hereto as **Exhibit A**.

25.    Plaintiff's **PELLETS OF FIRE** Registration is directed to a standard character mark that was registered with the United States Patent and Trademark Office on October 9, 2018. The **PELLETS OF FIRE** Registration was issued in International Class 001 for "Chemical preparations for melting snow and ice", and states that the trademark registered therein was first used in commerce at least as early as December 1, 2009. A true and accurate copy of Plaintiff's **PELLETS OF FIRE** Registration is attached hereto as **Exhibit B**.

26.    Plaintiff acquired the **WB Asserted Trademarks** by assignment on or about February 6, 2024. A copy of that trademark assignment (the "WB Trademark Assignment") is attached hereto as **Exhibit C**. The WB Trademark Assignment was recorded in the United States Patent and Trademark Office at Reel 8411 Frame 0363.

27.     The **WB Asserted Trademarks** have been used continuously, in connection with Plaintiff's highly successful brands of snow melt products, since at least as early as December 2009 and, in the case of the **BLUE HEAT** trademark, at least as early as October 2005.

28.     Through extensive advertising, marketing, and promotional efforts, a significant amount of goodwill and consumer recognition have been generated in Plaintiff's **WB Asserted Trademarks** throughout the United States.

29.     The established and continued success of the **BLUE HEAT** and **PELLETS OF FIRE** brands bearing Plaintiff's **WB Asserted Trademarks** has been continuous and extraordinary. These brands have been among the top-selling ice melt brands in the United States for many years.

B.      **Plaintiff's Discovery of Defendants' Infringement and Defendants' Attempts to Hide Their Infringement Behind Multiple Entities With Different Names**

30.     Plaintiff discovered that a company calling itself "Blue Mineral" has been selling snow melt products to Home Depot and other retailers, bearing designations that are confusingly similar to the **WB Asserted Trademarks**, infringing products which are still currently available at numerous stores and online platforms.  For example, attached hereto as **Exhibit D** are results of an online search of the homedepot.com website for "snow melt", in which both Plaintiff's and Defendants' snow melt products appear prominently.  *See* **Exhibit D** at 4, 6.[2]

31.     A review of the various snow melt products shown on **Exhibit D** illustrates the great variety of trade dress that is used on *other* producers' ice melt products and, by contrast, the great similarity of Defendants' trade dress to Plaintiff's trade dress.  *Id.*  This similarity both demonstrates a heightened likelihood of confusion between Defendants' and Plaintiff's products, and strongly

---

[2] References to pages within exhibits are to the PDF page number for the Exhibit as a whole and not, for example, to numbered pages for a document within an exhibit.

suggests that Defendants were acting willfully by choosing a trade dress so similar to Plaintiff's trade dress, given the many other trade dress options available to producers of ice melt products.

32.    As shown in **Exhibit E**, attached hereto, a user who searches Home Depot's website for "blue heat" in an attempt to purchase Plaintiff's product is presented not only with Plaintiff's **BLUE HEAT** product, but also Defendant's copycat **BLUE FIRE** product.  The parties' respective products are displayed, side-by-side, in the first page of search results, are priced identically at $17.97 per bag and even bear the same product number ("BH50" – in a clear reference to a **B**lue **H**eat **50** lb bag of snow melt).  *See* **Exhibit E**.  These circumstances create a high likelihood of confusion between Defendants' and Plaintiff's snow melt products which, almost inevitably, has resulted in sales that were intended for Plaintiff, but were diverted to Defendants.

33.    A search of New York State's online corporate records database[3] for "Blue Mineral" identifies defendant Blue Mineral LLC as a New York Limited Liability Company bearing a Department of State Identification ("DOS ID") number of 5650145, and identifies as the agent for service of process defendant Moshe Wechsler, at the following address: "777 Chestnut Ridge Rd, Suite 301, Spring Valley, NY, United States 10977".  A copy of those online records is attached hereto as **Exhibit F**.

34.    A further search of New York State's online corporate records database for "Blue Mineral" identifies another Limited Liability Company with the "Assumed Name" of "Blue Minerals" and a DOS ID number of 5720645.  A copy of those online records is attached hereto as **Exhibit G**.

35.    A further search of New York State's online corporate records database for DOS ID 5720645 (*i.e.*, the DOS ID belonging to the Assumed Name "Blue Minerals") identifies the legal

---

[3] *See* https://apps.dos.ny.gov/publicInquiry/

entity behind the "Blue Minerals" assumed name as defendant Northrock Management LLC, and identifies Northrock's agent for service of process as defendant Moshe Wechsler, at the following address: "777 Chestnut Ridge Rd, Suite 301, Chestnut Ridge, NY, United States 10977". A copy of those online records are attached hereto as **Exhibit H**.

36.    As discussed below, Defendants' attempts to hide their sales of infringing snow melt products behind the Assumed Name "Blue Mineral(s)" supports a finding that Defendants' infringing conduct was knowing and willful.

37.    Upon information and belief, the "Blue Mineral" entity selling snow melt products at Home Depot stores was, and is, in fact some or all of Defendants acting in concert to infringe the **WB Asserted Trademarks**.

38.    A search of New Jersey's online corporate records database[4] for "Blue Mineral" identifies defendant Blue Mineral Corporation as a New Jersey Corporation located in Spotswood, NJ with an Entity ID of 0450413049. A copy of these online records is attached hereto as **Exhibit I**.

39.    A search of the United States Patent and Trademark Office's ("PTO's") online trademark database[5] for "Blue Mineral" identifies a trademark application, Serial No. 97/602519, now abandoned, for the infringing "**FLAKES OF FIRE**" mark filed by defendant Barry Wachsler on behalf of defendant Blue Mineral Corporation (the New Jersey entity). A copy of that USPTO record is attached hereto as **Exhibit J**.

40.    A further search of the PTO's online trademark database for an owner with a business name including "Blue Mineral" identifies a trademark application, Serial No. 98/209553, now abandoned, for "**BLUE FIRE SNOW AND ICE MELTER**" filed by defendant Barry Wachsler on behalf of defendant Blue Mineral Corporation. A copy of that USPTO record is attached hereto as

---

[4] *See* https://www.njportal.com/DOR/BusinessNameSearch/
[5] *See* https://tmsearch.uspto.gov/search/search-information

**Exhibit K**.

41.    As discussed below, such (unsuccessful) attempts by Defendants to secure federal trademark registrations for marks confusingly similar to the **WB Asserted Trademarks** demonstrate that Defendants' infringing conduct was knowing and willful.

42.    A search of the PTO's online trademark assignment database[6] for Plaintiff's registered **BLUE HEAT** Registered Trademark (U.S. Reg. No. 5,000,400) reveals that defendant Northrock Minerals LLC was a former owner of the **BLUE HEAT** Registered Trademark.  The assignment whereby defendant Northrock obtained ownership of that registered trademark is attached hereto as **Exhibit L**.

43.    A search of the PTO's online trademark assignment database for Plaintiff's registered **PELLETS OF FIRE** Registered Trademark (U.S. Reg. No. 5,580,215) reveals that defendant Northrock Minerals LLC was also a former owner of the **PELLETS OF FIRE** Registered Trademark.  The assignment whereby defendant Northrock obtained ownership of that registered trademark is attached hereto as **Exhibit M**.

44.    As discussed in greater detail below, Defendants' prior ownership of the very trademark registrations at issue in this action, which are now owned by Plaintiff, strongly supports a finding that Defendants' infringement is knowing and willful.

45.    As recited below, Defendants (in some instances using the assumed name "Blue Mineral") have been selling, and continue to sell, ice melt products to Home Depot and other retailers using product names, including without limitation the **BLUE FIRE** and **FLAKES OF FIRE** marks (the "**Infringing Marks**"), which are confusingly similar to Plaintiff's **WB Asserted Trademarks**.

---

[6] *See* https://assignment.uspto.gov/trademark/index.html#/trademark/search

C.  **Defendants' Ongoing Infringement and Their Unsuccessful Attempt to Procure PTO Registrations for Confusingly Similar Marks**

46.     Upon information and belief, beginning at least as early as October 2023, Defendants began actively commercializing ice melt products which infringed, and continue to infringe, the **WB Asserted Trademarks**.

47.     A side-by-side comparison of the parties' respective ice melt products demonstrates that the trade dress chosen by Defendants for their "copycat" snow melt products creates an even greater likelihood of confusion among relevant consumers than the—already high—likelihood of confusion caused by the nearly identical names:

PLAINTIFF'S "BLUE HEAT"          DEFENDANTS' "BLUE FIRE"
SNOW MELT PACKAGING              SNOW MELT PACKAGING

 

PLAINTIFF'S "PELLETS OF FIRE"
SNOW MELT PACKAGING

DEFENDANTS' "FLAKES OF FIRE"
SNOW MELT PACKAGING




48.     With regard to Defendants' **FLAKES OF FIRE** product, the "copycat" nature of the product is made glaringly obvious by numerous uncanny similarities in the packaging shown above including, but not limited to: (a) a virtually identical package layout, down to such details as nearly identical thermometers showing the temperature as negative 25 degrees and a graphic of burning pellets/flakes; (b) a virtually identical black, orange, yellow, red and light blue color scheme; (c) virtually identical fonts and font sizes; (d) text bubbles at the same package locations, with identical declarations, including "Generates Heat Upon Contact!", "Accelerated Melting Power!", "Use Less, Melt More!" and "Snow & Ice Melter!"; and (e) identical package weights of "50 lb. (22.6 kg)".

49.     Similarly, Defendants' **BLUE FIRE** product includes identical, or virtually identical, elements as Plaintiff's **BLUE HEAT** packaging, including without limitation: (a) identical thermometers showing the temperature as negative 25 degrees; (b) text bubbles at the same package locations declaring identically "Superior Melting Power" "Environmentally Responsible"; and (c) identical package weights of "50 lb. (22.6 kg)".

50.     Despite the obvious copycat nature of Defendants' **BLUE FIRE** designation on its snow melt product, Defendants attempted (without success), to secure their own U.S. trademark registration for the product's name.

51.     On October 4, 2023, Defendant Blue Mineral Corporation filed U.S. Trademark Application No. 98/209,553 (the "'553 Application" or the "**BLUE FIRE** Application") a trademark application purportedly on behalf of a New York Corporation "Blue Mineral Corporation" for the mark "BLUE FIRE SNOW AND ICE MELTER". *See* **Exhibit K**.

52.     In the '553 Application, Blue Mineral Corporation represented that the BLUE FIRE trademark was first used in commerce "at least as early as 10/01/2023". *See* **Exhibit K,** at 4.

53.     The only difference between the names of Plaintiff's and Defendants' products is Defendants' replacement of the word "Heat" with the word "Fire."   Indeed, the names are so similar that, on June 5, 2024, the United States Patent and Trademark Office ("PTO") issued a Nonfinal Office Action denying registration under Section 2(d) of the Lanham Act of the **BLUE FIRE** Application, because of the likelihood of confusion with Plaintiff's **BLUE HEAT** registered trademark.  A copy of that Office Action is attached hereto as **Exhibit N**.

54.     The PTO's conclusion that there is likelihood of confusion between the Parties' respective marks is supported by the PTO's detailed analysis.  For example, the office action states, in relevant part:

> *Registration of the applied-for mark ["BLUE HEAT SNOW AND ICE MELTER"] is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5000400 ("BLUE HEAT SNOW AND ICE MELTER" for "Chemical preparations for melting snow and ice.") Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the attached registration.*
>
> * * *
>
> *In addition to the above considerations, these marks are confusingly*

13

> *similar because they convey the same commercial impression.*
>
> * * *
>
> *In this case, while the marks are not identically the same, they do look and sound alike and have similar meaning. Applicant's mark is BLUE FIRE SNOW AND ICE MELTER and the registered mark is BLUE HEAT SNOW AND ICE MELTER. These marks are identical except for their second words: "FIRE" in the applied-for mark versus "HEAT" in the registered mark. Of course, it is well known that "fire" is a source of "heat", and that heat melts snow and ice. Given their similarity in appearance, sound, and meaning, they are apt to be confused with one another as to source of the goods in question, especially since these goods are identical.*
>
> *Therefore, and for all of the foregoing reasons, the marks are considered similar for likelihood of confusion purposes.*

**Exhibit N**, at 3-5.

55.    Considering Blue Mineral Corporation's receipt in June 2024 of the PTO's determination of a likelihood of confusion between Defendants' **BLUE FIRE** proposed mark and Plaintiff's **BLUE HEAT** Registered Trademark, Defendants' infringement of Plaintiff's **BLUE HEAT** Registered Trademark is, almost certainly, knowing and willful.  Defendants were directly informed by the proper federal agency authority charged with registering trademarks that their applied-for trademark was likely to be confused with Plaintiff's registered trademark, and that Defendants could not lawfully obtain a registration for the **BLUE FIRE** mark.

56.    Indeed, after Blue Mineral Corporation received the Office Action from the PTO, it did not even attempt to overcome the PTO's strong showing of a likelihood of confusion.  Instead, it abandoned the '553 Application.  A copy of the January 16, 2025 Notice of Abandonment of the '553 Application is attached hereto as **Exhibit O**.

57.    Similarly, as discussed above, on September 22, 2022, Defendant Blue Mineral Corporation filed U.S. Trademark Application No. 97/602,519 (the "'519 Application" or the "**FLAKES OF FIRE** Application") a trademark application purportedly on behalf of a New York

Corporation "Blue Mineral Corporation" for the mark "FLAKES OF FIRE".  *See* **Exhibit J**.

58.     Just as Defendants abandoned their **BLUE FIRE** Application, they also abandoned their **FLAKES OF FIRE** Application.  A copy of the October 25, 2023 Notice of Abandonment of the **FLAKES OF FIRE** Application is attached hereto as **Exhibit P**.

59.     Defendants' improper use of marks which are identical or nearly identical to Plaintiff's **WB Asserted Trademarks**, as well as packaging which is visually very similar, is highly likely both to generate confusion among potential customers for Plaintiff's ice melt products, and to cause severe harm to Plaintiff's reputation and the value of the **WB Asserted Trademarks**, as well as the value of Plaintiff's distinctive trade dress, as Plaintiff's brands are likely to become mistakenly associated with Defendants' inferior products.

60.     There are numerous bases on which to find that Defendants' infringement is willful, including without limitation: their prior ownership of the **WB Registered Trademarks**; their unsuccessful attempts to register the **BLUE FIRE** and **FLAKES OF FIRE** marks, which the PTO rejected due to the likelihood of confusion with the **WB Registered Trademark**; and their attempts to hide their infringement behind different names and entities, including the "Blue Mineral" entities. As such, on information and belief, Defendants' ongoing use of the **WB Asserted Trademarks**— including Plaintiff's registered Federal **BLUE HEAT** and **PELLETS OF FIRE** trademarks—is knowing and willful.

**COUNT I: VIOLATION OF 15 U.S.C. § 1114 – INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS**
**(Against All Defendants)**

61.　　Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62.　　Defendants' continued uses of the **Infringing Marks** in commerce in connection with the offering for sale of ice melt products is likely to cause, and has in fact caused, confusion, mistake, or deception.

63.　　Defendants have and are continuing to make, use, sell and offer for sale products bearing the **Infringing Marks**, which infringe the **WB Registered Trademarks** and are intended to be used in commerce, and are used in commerce, in connection with the offering for sale of goods in a way that is likely to cause confusion, mistake, or deception.

64.　　Defendants do not have permission to use the **Infringing Marks**.

65.　　The actions alleged in this Complaint were committed with knowledge that such use of the **Infringing Marks** by Defendants does, and was intended to cause confusion, to cause mistake, or to deceive.

66.　　Defendants' use of the **Infringing Marks** is willful.

67.　　As a result of the unlawful conduct of Defendants, including the use of the **Infringing Marks**, Plaintiff has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

68.　　Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages (or in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c)), Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT II: VIOLATION OF 15 U.S.C. § 1125(a) – FALSE DESIGNATION OF ORIGIN AND FALSE OR MISLEADING DESCRIPTION OF FACT
### (Against All Defendants)

69.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.    Defendants' actions as set forth in this Complaint and Defendants' unlawful use of the **Infringing Marks**, individually and in combination, violate 15 U.S.C. § 1125(a).

71.    Defendants have used and are continuing to use the **Infringing Marks** without approval and in a manner that is likely to cause confusion.

72.    Defendants used and are continuing to use the **Infringing Marks** without Plaintiff's approval and in a manner that is deceptive as to the affiliation, connection, or association of Defendants with Plaintiff.

73.    Defendants' unauthorized use in commerce of the **Infringing Marks** as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

74.    Defendants used and are continuing to use words, terms, and names likely to confuse or deceive individuals into believing that the goods Defendants are selling come from Plaintiff, or that Plaintiff sponsors or approves of the goods.

75.    Upon information and belief, Defendants' conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff with Defendants.

76.    As a result of Defendants' conduct, Plaintiff has incurred losses to its business and to the value of its marks, lost sales, loss of goodwill, and other losses for which Plaintiff is entitled to money damages pursuant to 15 U.S.C. § 1125.

77.    Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT III:  INFRINGEMENT OF TRADE DRESS UNDER 15 U.S.C. § 1125(a)(1)
### (Against All Defendants)

78.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.    The packaging of Plaintiff's brands of snow melt products is distinctive, as described in detail above, including without limitation in Paragraphs 47-49 of this Complaint.

80.    Plaintiff owns the specific presentation of design elements, as described in detail above, including without limitation in Paragraphs 47-49 of this Complaint, shown on the packaging of Plaintiff's brands of snow melt products as trade dress.

81.    That trade dress, that is, the packaging of Defendants' snow melt products, is nearly identical to the packaging of Plaintiff's snow melt products without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the parties' respective goods.

82.    Defendants' actions are intentional and willful, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

83.    Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

**COUNT IV: VIOLATION OF 15 U.S.C. § 1125(c)**
**TRADEMARK DILUTION**
**(Against All Defendants)**

84.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

85.    Plaintiff owns valid and existing rights in the **WB Asserted Trademarks**.

86.    Through long-standing and continued use, product promotion, and widespread consumer recognition, the **WB Asserted Trademarks** have become famous.  Plaintiff's **WB Asserted Trademarks** are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

87.    Long after the **WB Asserted Trademarks** became famous, Defendants used the **Infringing Marks** to promote their own ice melt products, including the "**BLUE FIRE**" and "**FLAKES OF FIRE**" ice melt products, and to obtain revenue through the use of the substantially similar and/or confusing "**BLUE FIRE**" and "**FLAKES OF FIRE**" marks.

88.    By their conduct, Defendants denigrate and demean the quality of Plaintiff's products with which the **WB Asserted Trademarks** are associated, confuse consumers, and divert consumers from their intended purchase of Plaintiff's products.

89.    Through their use of the **Infringing Marks**, Defendants have improperly created and continue to create a false impression regarding the quality and source of the products associated with the **WB Asserted Trademarks** by using a substantially similar and/or confusing name to identify goods within the market for ice melt products.  This false impression is likely to cause dilution of the strong goodwill that Plaintiff has built in its **WB Asserted Trademarks**, in violation of 15 U.S.C. § 1125(c).

90.     Defendants' actions have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous **WB Asserted Trademarks**.

91.     Defendants' actions are intentional and willful, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

92.     Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT V: TRADEMARK INFRINGEMENT UNDER
## NEW YORK COMMON LAW
### (Against All Defendants)

93.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

94.     Through their actions described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

95.     As a result of Defendants' illegal conduct, Plaintiff has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

96.     Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT VI: TRADEMARK DILUTION UNDER
## N.Y. GEN. BUS. LAW § 360-L
### (Against All Defendants)

97.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

98.     Plaintiff possesses strong marks, the **WB Asserted Trademarks**, some or all of which have a distinctive quality and/or have acquired a secondary meaning such that the trade names **BLUE HEAT** and **PELLETS OF FIRE** have become so associated in the public's mind with Plaintiff that those trademarks identify goods sold by Plaintiff, as distinguished from goods sold by others.

99.     As a result of Defendants' misconduct, there is a likelihood of dilution by blurring and/or tarnishment of some or all of Plaintiff's **WB Asserted Trademarks**.

100.    Through their actions described above, Defendants have violated N.Y. Gen. Bus. Law § 360-L (Injury to business reputation; dilution).

101.    As a result of Defendants' illegal conduct, Plaintiff has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

102.    Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT VII: UNFAIR COMPETITION UNDER NEW YORK COMMON LAW
### (Against All Defendants)

103.    Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

104.    Through their actions described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

105.    As a result of Defendants' illegal conduct, Plaintiff has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

106.    Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendants' profits, enhanced damages and profits, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.    Enter judgment against Defendants finding:

    i.    Defendants have engaged in willful and intentional trademark infringement in violation of 15 U.S.C. § 1114;

    ii.    Defendants have engaged in willful and intentional acts of false designation of origin and false or misleading description of fact in violation of 15 U.S.C. § 1125;

    iii.    Defendants have engaged in willful and intentional infringement of Plaintiff's trade dress in violation of §15 U.S.C. § 1125(a)(1);

    iv.    Defendants have engaged in willful and intentional acts of trademark dilution in violation of 15 U.S.C. § 1125 and N.Y. Gen. Bus. Law § 360-L;

    v.    Defendants have engaged in willful and intentional trademark infringement and unfair competition in violation of New York common law;

B.    Issue preliminary and permanent injunctions prohibiting Defendants and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with Defendants from:

    i.    Infringing upon Plaintiff's **WB Asserted Trademarks**, by using the identical mark or any variation thereof;

    ii.    Engaging in further actions to interfere with Plaintiff's rights in its **WB Asserted Trademarks**;

iii.    Infringing upon Plaintiff's trade dress;

iv.    Continuing to sell and offer for sale the infringing "**BLUE FIRE**" and "**FLAKES OF FIRE**" products; and

v.    Continuing to sell and offer for sale products using trade dress that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the parties' respective goods.

C.    Order Defendants to disclose any manufacturer(s) and other partner(s) involved in the production, distribution, or marketing of the infringing "**BLUE FIRE**" and "**FLAKES OF FIRE**" products;

D.    Require Defendants to account for their profits;

E.    Award Plaintiff its actual damages, or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) and (d);

F.    Award Plaintiff the costs associated with bringing this action;

G.    Award Plaintiff interest and reasonable attorneys' fees;

H.    Order the U.S. Patent and Trademark Office to (i) cancel all trademark registrations procured by Defendants; and (ii) to not grant and to abandon all pending trademark applications filed by Defendants, for any marks confusingly similar to Plaintiff's registered and unregistered trademarks, including without limitation U.S. Trademark Registration Nos. 5,000,400 and 5,580,215; and

I.    Award Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Weather Brands LLC

hereby demands a trial by jury for all issues so triable in this case.

Dated:  March 24, 2025.                     Respectfully submitted,

                                            **PRACTUS LLP**

                                            By: _____

                                            Christopher A. Colvin, Partner
                                            543 E. 17th Street
                                            Brooklyn, NY  11226
                                            Phone:  (917) 722-8601
                                            Email:  chris.colvin@practus.com
                                            Diane B. Melnick, Partner
                                            Email:  diane.melnick@practus.com

                                            *Attorneys for Plaintiff Weather Brands LLC*