**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WEATHER BRANDS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BLUE MINERAL CORPORATION, BARRY WACHSLER and JOHN DOES 1-10,**<br><br>Defendants. | **Civil Action No. 25-cv-2423-DLC-SLC**<br><br>**JOIN̶T̶ ̶P̶R̶O̶P̶O̶S̶E̶D̶ ̶ CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER[1]** |

**WHEREAS,** all of the Parties in this action having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

---

[1] This Joint Proposed Confidentiality Stipulation and Protective Order is adapted from Magistrate Judge Cave's model SPO, with the only modification being the addition of an "Attorney Eyes Only" level designation for especially sensitive materials.

1

4.      The parties have met and conferred and agree that certain documents produced in discovery are likely to require a designation of "For Attorneys' or Experts' Eyes Only." Accordingly, counsel for any party may designate any document, information, or other material in whole or in part, as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," if Counsel determines, in good faith, that the material reveals a trade secret or other highly sensitive commercial information in accordance with Federal Rule of Civil Procedure 26(c)(1)(G) and/or the material contains extremely sensitive information for which the protections afforded to CONFIDENTIAL material are insufficient to protect the Producing Party from the risk that disclosure of such material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. Such material will be stamped "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

5.      Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall not be disclosed to any person, except:

a.  The requesting party's outside counsel of record and one designated in-house counsel of the requesting party;

b.  Employees of outside counsel of record assigned to and necessary to assist in the litigation;

c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by outside counsel of record; and

d.  The Court (including the mediator, or other person having access to any HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material by virtue of his or her position with the Court).

6.      Agreement to be Bound.  Prior to disclosing or displaying any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material to any person, counsel must:

a.  Inform the person of the confidential nature of the material;

b.  Inform the person that this Court has enjoined the use of the material by him/her for any purpose other than this litigation and has enjoined the disclosure of the material to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A, prior to receiving any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY material.

2

Case 1:25-cv-02423-DLC   Document 57   Filed 01/29/26   Page 3 of 6

7.      All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.      The requesting party and counsel, including in-house counsel;

    b.      Employees of such counsel assigned to and necessary to assist in the litigation;

    c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

8.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.      Inform the person of the confidential nature of the information or documents;

    b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

3

12.    Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated:  New York, New York
        January 29, 2026

SO ORDERED.

_____

DENISE L. COTE
United States District Judge

4

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **WEATHER BRANDS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BLUE MINERAL CORPORATION, BARRY WACHSLER and JOHN DOES 1-10,**<br><br>Defendants. | **Civil Action No. 25-cv-2423-DLC-SLC**<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER – EXHIBIT A** |

### Agreement to be Bound

I, _____, state that:

1.    My present employer is _____ and the address of my present employment is _____.

2.    My present occupation or job description is _____.

3.    I have carefully read and understood the provisions of the Confidentiality Stipulation and Protective Order in this case signed by the Court in the above-captioned case.

4.    I will comply with all provisions of the Confidentiality Stipulation and Protective Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Stipulation and Protective Order any "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" material or any words, summaries, abstracts, or indices of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" disclosed to me.

6.      I will limit use of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return or destroy all "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" material, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Recipient Name (print): _____

Recipient Signature: _____

Signed in the presence of the following counsel of record for party providing material to recipient:

Dated: _____

Attorney Name (print): _____

Attorney Signature: _____

6