

Michael Steinmetz
225 Broadway, 37th Floor
New York, NY 10007
Tel. + 1 212.380.3623
ms@gs2law.com

*Via ECF*

August 4, 2026

Hon. Denise L. Cote
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-02423 (DLC)
**Defendants' Letter-Motion for Clarification of the Operative Pleading and Scheduling**

Dear Judge Cote:

Defendants Blue Mineral Corporation and Barry Wachsler (together, the "BMC Parties") respectfully request that the Court confirm which pleading is operative following its July 31, 2026 Order (ECF No. 141), set Defendants' date to respond, and deem Defendants' pending motion for leave to file an Amended Answer (ECF Nos. 130–132) as moot in lieu of its' right to file an Answer to the operative pleading. A response may be due as soon as August 7, 2026, and Defendants do not wish to answer the wrong document or to brief the same motion twice.

## I.    **Background.**

On April 8, 2026, All Season Power LLC ("ASP") moved to intervene and for leave to file a Second Amended Complaint ("SAC"), annexing clean and redlined copies of its proposed pleading. ECF Nos. 64–66. The Court granted intervention on May 11 but did not address the accompanying request for leave. ECF No. 84.

On July 24, Weather Brands LLC ("Weather Brands") filed a SAC on behalf of itself and ASP. ECF No. 133. The Clerk flagged it on July 27 as deficient under Rule 15 because "Court's leave has not been granted," and directed Weather Brands to re-file with Defendants' written consent or the Court's leave attached. Weather Brands did not do so, and the notation remains on the docket. That same day, Defendants moved for leave to file an Amended Answer to the First Amended Complaint. ECF Nos. 130–132; see ECF No. 134 (opposition due August 7, reply August 14). On July 31, the Court ordered that "All Seasons Power LLC's April 8, 2026 motion for leave to file a Second Amended Complaint is granted nunc pro tunc." ECF No. 141.

## II.    **The Status of ECF No. 133 Should Be Confirmed.**

The July 31 Order may have been intended to correct the omission in the May 11 Order and to validate the pleading already on the docket, rather than to require the plaintiffs to file it a second time. On that reading, ECF No. 133 is operative and Rule 15(a)(3) governs Defendants' response. Defendants note that they have not answered, moved against, or otherwise treated ECF No. 133 as operative.

Local Civil Rule 15.1(b) points the other way. It provides that "[t]he granting of a motion under Rule 15(a)(2) or (d) does not constitute the filing of the amended or supplemental pleading," and that "[u]nless the court orders otherwise, a represented moving party must file the new

pleading within seven days of the order granting the motion."[1] Read literally, ASP would file its SAC by August 7, 2026, and ECF No. 133 would remain deficient. The two readings yield different deadlines, and Defendants seek direction rather than select between them.

### III.    Defendants' Pending Motion for Leave to Amend the Answer.

Defendants' motion (ECF Nos. 130–132) is addressed to the First Amended Complaint, which was operative when the motion was filed. If the SAC (ECF. No. 133) is operative, the motion is now directed at a superseded pleading and is moot. If the SAC to be filed by ASP is the operative pleading, Defendants' motion is still moot since Defendants have the right to file an answer in response. Defendants respectfully request that the Court deem the motion for leave to file an Amended Answer to the First Amended Complaint (ECF Nos. 130–132) as moot in lieu of Defendants upcoming answer, filed either in response to Weather Brands SAC (ECF No. 133), or ASP's SAC to be filed.

Defendants respectfully request that the Court:

1.  confirm whether ECF No. 133 is the operative pleading or whether ASP must file a Second Amended Complaint under Local Civil Rule 15.1(b), and, if the former, direct the Clerk to clear the July 27, 2026 deficiency notation;

2.  deem ECF Nos. 130–132 directed to the operative Second Amended Complaint moot in lieu of Defendants' right to file an answer in response to either Weather Brands SAC (ECF No. 133), or ASP's SAC to be filed;

3.  set Defendants' deadline to respond to the operative pleading; and

4.  adjust the briefing schedule accordingly.

Respectfully submitted,

/s/ Michael Steinmetz
Michael M. Steinmetz

---

[1] Joint Local Civil Rule 15.1(b), S.D.N.Y. & E.D.N.Y. (eff. Jan. 2, 2026).