PRACTUS

CHRIS COLVIN, Partner
chris.colvin@practus.com
543 E. 17th Street
Brooklyn, NY 11226
(212) 619-5378

August 13, 2026

**<u>Via ECF</u>**

Hon. Denise Cote, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

<u>Re:</u> *Weather Brands LLC v. Blue Mineral Corp. et. al*; Case No. 1:25-cv-2423-DLC-SLC

Dear Judge Cote:

Plaintiff Weather Brands LLC ("Weather Brands") writes to oppose Defendants' August 12, 2026 letter motion (Dkt. 151) to strike portions of Plaintiff's reply brief (Dkt. 149) in support of its first motion for discovery sanctions (Dkt. 123 *et seq.*).

Defendants' letter motion should be denied because the information presented in the reply brief responds directly to Defendants' fanciful assertion that "[t]here is no pattern" of misconduct by Defendants. (Opp. at 21). By making that statement, Defendants invited reply that more carefully examines their discovery conduct which reveals, in fact, that there ***was*** a consistent pattern of misconduct, throughout the written discovery period. Discovery in this case has been replete with discovery disputes, motions to compel, court orders to compel, and Defendants' admitted failure to comply with specific and direct Orders of the Court. Defendants cannot now credibly claim unfair surprise at being reminded of their own recent conduct before the Court. Weather Brands should be permitted to fully address Defendants' misrepresentation that "[t]here was no pattern." *Bayway Refining Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-227 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party") (citations omitted).

Nor does the Court's July 31 Order provide a basis to disregard that pattern of misconduct evidence. That Order deferred Weather Brands' separate second sanctions motion and did not exclude evidence merely because the same evidence also appeared in that motion. Section II(E) of the reply brief cited overlapping evidence for a different and narrower purpose: to respond directly to Defendants' contention that there was "no pattern" and to place the conduct challenged in the pending first motion in a context clearly relevant to the Court's overall sanctions analysis.

The challenged material is also relevant to the sanctions analysis because the Second Circuit has instructed that "sanctions must be weighed in light of the full record in the case," *Cine Forty- Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (citation omitted), and that a district court is free to consider the full record in selecting the appropriate sanction. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). The Court should reject Defendants' invitation to ignore the significant pattern of Defendants' non-compliance with the Court's orders and their failure to meet even the most basic discovery obligations in this case.

Moreover, there is no cognizable prejudice to Defendants that could warrant the drastic remedy of striking portions of Weather Brands' reply brief. *See Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*, 800 F. Supp. 3d 523, 525 (S.D.N.Y. 2025) ("Whether directed at pleadings, motions, or other documents, motions to strike have long been disfavored and are typically granted only where it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.") (citations and quotations omitted).

To the extent the Court does have any concern about either prejudice or the proper scope of the reply, a more proportionate remedy would be to permit Defendants a short sur-reply. *See Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, No. 25-cv-5020, 2025 WL 2388287, at *1-2 (S.D.N.Y. Aug. 18, 2025) (denying a motion to strike new arguments in the moving party's reply brief and permitting the nonmoving party a sur-reply). Ignoring the full record of conduct in discovery, on the other hand, should not be an option, as the Court should consider the consistent and significant pattern of Defendants' discovery misconduct.

Respectfully submitted,

CA Col

Christopher A. Colvin
Partner, Practus LLP
*Attorneys for Plaintiff Weather Brands LLC*