PRACTUS

CHRIS COLVIN, Partner
chris.colvin@practus.com
543 E. 17th Street
Brooklyn, NY 11226
(212) 619-5378

August 13, 2026

**Via ECF**

The parties shall confer before raising an issue with the Court.
Denise Cote
8/13/26

Hon. Denise Cote, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corp. et. al*; Case No. 1:25-cv-2423-DLC-SLC

Dear Judge Cote:

Plaintiff Weather Brands LLC ("Weather Brands") respectfully submits that Defendants' August 12, 2026 request for a discovery conference (Dkt. 152) is both premature and unnecessary at this time.

Strangely, Defendants filed their conference request at 5:43 pm on August 12, 2026—just 16 minutes after they served on Weather Brands an eight-page, single-spaced PDF letter at 5:27 pm, complaining of the same purported "deficiencies" in Weather Brands' document production. That 16-minute interval, of course, provided no meaningful opportunity for Weather Brands' counsel to review those purported deficiencies, consult with their client about those issues, and formulate a response, let alone conduct a meet and confer regarding the issues raised in Defendants' eight-page letter. While similar issues have been the topic of sporadic emails among counsel over time, with long delays on Defendants' part in following up, there has not been a completed meet and confer process on those topics, despite Weather Brands' consistent willingness to participate in one.

Indeed, Weather Brands remains willing, as it has from the start of fact discovery, to engage in a good faith meet and confer process regarding any issues Defendants care to raise. Defendants' unilateral attempt to put the cart before the horse and short-circuit the meet-and-confer process, however, is unproductive and does not allow Weather Brands any meaningful opportunity to identify a reasonable resolution to perceived discovery issues.

The issues raised by Defendants are not ripe, largely because of Defendants' failure to raise issues precisely with counsel and to confer on them specifically and completely. The Court should not be called upon to resolve purported disputes that are not clarified, and that might still be resolved between the parties if Defendants choose to engage counsel in good faith, which for these issues, has not yet happened.

Accordingly, Weather Brands respectfully requests that Defendants' request for a discovery conference be denied as premature, without prejudice to renew the request if the parties are unable to resolve the issues raised therein. Denial of Defendants' request permits Weather Brands the appropriate time to review and respond to Defendants' eight-page letter and engage with Defendants to identify suitable solutions.

Respectfully submitted,

Christopher A. Colvin
Partner, Practus LLP
*Attorneys for Plaintiff Weather Brands LLC*