GS2LAW

Michael Steinmetz
225 Broadway, 37th Floor
New York, NY 10007
Tel. + 1 212.380.3623
ms@gs2law.com

***Via ECF*** August 26, 2026

Hon. Denise L. Cote
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-02423 (DLC)

Dear Judge Cote:

Blue Mineral Corporation ("BMC") and Barry Wachsler (together, the "BMC Parties") respectfully renew their request for a discovery conference and to compel Weather Brands' outstanding discovery under Rules 26, 34, and 37. Counsel conferred again on August 26, 2026, after the BMC Parties circulated an agenda a week prior. The Court's intervention and an extension to the current schedule is required with the close of document discovery nearing.

**Weather Brands Must Disclose and Complete Its Search Terms**

First, Weather Brands stated that it worked with ASP and used ASP's search terms across a "number" of email accounts, including an account identified through ASP's production as one used by Benjamin Goldstein. Yet it refused to identify the accounts, date ranges, terms, hit counts, whether it ran Defendants' terms, or even whether it searched texts, WhatsApp, iMessage, or any other messaging application. Since the inception of discovery, counsel for Weather Brands has clung to its lack of an in-house "email server" to avoid its discovery obligations. That is a red herring: its business email and messages are stored somewhere, and Weather Brands has an obligation to search those sources and produce. It is puzzling how Weather Brands' control over a server is relevant. Defendants lack control over Gmail servers yet produced these communications.

Second, Weather Brands' work-product objection is untenable. Defendants seek the historical facts of what accounts, applications, date ranges, and terms were searched—not counsel's substantive communications or mental impressions. Courts across the country require disclosure of those basic parameters.[1] The omission matters because Weather Brands has not produced complete Goldstein communications or its communications with Joseph Cohen. However, because it is using term-based searches, it should also identify the terms and hit counts. *See Felder v. Warner Bros. Discovery, Inc.*, 2025 WL 1718098, at *9–10 (S.D.N.Y. June 20, 2025).

**Rule 34 and License, Royalty, and Quality-Control Records Remain Improperly Withheld**

Weather Brands states that redactions to the First Amendment to the license concern other products, are not relevant, and promised a further response by this Friday. The stipulated confidentiality order already protects sensitive commercial information. It therefore strains

[1] *Apple, Inc. v. Samsung Elecs. Co*., 2013 U.S. Dist. LEXIS 67085, at *3 (N.D. Cal. May 9, 2013) (identification of search terms and custodians is necessary); *FormFactor, Inc. v. MicroProbe, Inc.*, 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012) ("[search terms are] not subject to any work product protection."); *Romero v. Allstate Ins. Co*., 271 F.R.D. 96, 109 (E.D. Pa. 2010) (holding that document production information, including search terms, is not protected by work product).

credulity that Weather Brands cannot place the exclusive license at the center of ASP's asserted rights and damages while producing only a shell of the amendment. The concealed provisions may govern license scope, cross-brand obligations, royalty allocation, audit and inspection rights, enforcement, termination, and quality control.

Weather Brands also refused to commit to producing its quality-control communications with ASP and asserted that quality control belongs to ASP, while Weather Brands' role is limited to ownership and licensing. That position makes the discovery **more**—not less—important. A lack of adequate quality control is precisely the premise of naked licensing. *See Patsy's Italian Rest., Inc. v. Banas,* 658 F.3d 254, 262, 265 (2d Cir. 2011). Weather brands reiterated a dozen times during the meet and confer that Weather Brands and ASP "cooperated" to complete discovery, yet for an inexplicable reason is unable to do so to produce quality-control communications.

Next, Weather Brands declared its Rule 34 obligations "complete" but refused to amend its responses to state what it is withholding and where responsive documents appear. For example, Weather Brands relied on several text message communications involving Benjy Goldstein and Joseph Cohen in its First Motion for Sanctions, yet have not produced these complete documents to Defendants. This behavior is concerning, and calls Weather Brands' completeness of production into question. On actual confusion and damages, Weather Brands invoked work product, said it "may" produce "some" material, and declined to commit to complete factual disclosure. Defendants seek the underlying incidents, witnesses, contemporaneous records, and each damages category, computation, source, and allocation, not counsel's legal analysis. Privilege does not shield those facts merely because counsel learned about and organized them. *See Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981).

Weather Brands likewise deferred the physical product bags to ASP, promised photographs "soon," and proposed making samples available only at deposition. Rule 34 reaches tangible things, and photographs are not a substitute for inspection.

The BMC Parties therefore request an order requiring Weather Brands to produce, within seven days, **i)** their search terms and custodians, **ii)** the identity of email accounts and messaging applications that it searched, **iii)** the search terms, date ranges, hit counts, and reciprocal terms in Weather Brands' searches to date, **iv)** the complete production of the communications of Benjy Goldstein **v)** the First Amendment and royalty records without redactions and under AEO treatment, **vi)** physical samples within its possession, custody, or control, and **vii)** a certified statement that its discovery obligations under Rule 34 are complete.

Defendants also respectfully request that the document-discovery deadline be extended until thirty days after Weather Brands fully complies with the relief requested herein. Good cause exists under Rule 16(b)(4) because Defendants diligently pursued these issues through written correspondence and multiple meet-and-confers, but Weather Brands' delay and obstruction have made completion within the current schedule impracticable.

Respectfully submitted,
*/s/ Michael M. Steinmetz*
Michael M. Steinmetz