PRACTUS

CHRIS COLVIN, Partner
chris.colvin@practus.com
543 E. 17th Street
Brooklyn, NY 11226
(212) 619-5378

August 27, 2026

**VIA ECF**

Hon. Denise Cote, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC et al. v. Blue Mineral LLC, et al.*; Case No. 1:25-cv-2423-DLC-SLC

Dear Judge Cote:

Plaintiff Weather Brands LLC respectfully submits this letter in response to Defendants' August 26, 2026 letter requesting a discovery conference (Dkt. 160). Defendants filed that paper a couple of hours after the parties held a two-hour meet and confer. During that extended meeting, Plaintiffs: (1) attempted to understand a series of vague and even incoherent bullet-point sentence fragments recently emailed by Defendants (not a proper "agenda" as Defendants represented);[1] and (2) agreed to confer with their clients and to quickly revert in a good faith attempt to accommodate Defendants' recent demands.

Defendants continue their pattern of abusing the meet and confer process. As one example, Defendants make a unilateral request for a 30-day extension of the document discovery deadline, but neglect to mention that they asked Plaintiffs for an extension (for the first time) during yesterday's call. Plaintiffs responded that they would need to confer with their clients, but rather than await a response, Defendants simply filed their extension demand two hours later. Ironically, by the time the letter was filed, counsel had already conferred with their clients and were about to notify Defendants that they would consent to a two-week extension.

Defendants' description of the remainder of the meet and confer is distorted, at best,[2] and fails to provide the Court with the most pertinent information, *i.e.* that Plaintiffs' counsel ***agreed to confer with their clients and to quickly supplement their productions***, to the extent that Defendants' recent demands could be understood and accommodated. Defendants don't tell the Court that Plaintiffs already have produced hundreds of emails from Mr. Goldstein (Weather Brands' managing member) and Mr. Cohen (All Season Power's CEO), which appear to be the

[1] Those bullet point demands are contained in a letter sent by Defendants' counsel Pranav Katti on the evening of Wednesday, August 19, 2026, a few business days prior to the two-hour meet and confer. That mail is attached as Exhibit A. Weather Brands' counsel informed Defendants' counsel of his unavailability due to a family vacation that week, and responded promptly upon return to the office, agreeing to a meet and confer the next day.

[2] Defendants' repeated accusations that Plaintiffs "refused" to take certain steps are highly misleading, as they spuriously treat as "refusals" counsels' genuine, good faith concerns about privilege and work product, and the need to confer with their clients about certain demands recently made by Defendants.

focus of Defendants' first three bullet points.[3] Contrary to Defendants' representation, Plaintiffs' email search terms ***were disclosed*** nearly a month ago. Ex. B (7/30/2026 letter from All Season Power's counsel to Defendants' counsel, disclosing email search terms).[4]

Plaintiffs also agreed to produce images of each of Plaintiffs' ice melt products,[5] permit inspections of product specimens, and permit the specimens to be marked as deposition and trial exhibits. Plaintiffs further agreed to review redactions in royalty and licensing records and to unredact material related to ice melt (a small fraction of Plaintiffs' products). Plaintiffs further agreed to inquire about whether there are additional text messages (including WhatsApp messages) of Mr. Goldstein and Mr. Cohen relating to ice melt and that, if located, those will be searched using those same search terms already used for the emails. There is no "refusal" to cooperate here.

In reality, Defendants' counsel chose to waste most of the two-hour meeting conducting an inappropriate and fruitless "deposition style" interrogation of Plaintiffs' counsel regarding the minutiae of how they worked with their clients over the last several months to search for and produce documents. Plaintiffs' counsel explained that this retrospective interrogation was unproductive and implicated attorney work product and privileged communications,[6] and attempted to refocus on the more appropriate and productive topic of what Defendants believed was missing from Plaintiffs' productions, and what Plaintiffs could do to address those concerns.

Plaintiff respectfully submits that Defendants' demand letter should be denied, as it fails to articulate a meaningful basis for relief, was filed before the meet and confer was complete and is mooted by Plaintiffs' good faith attempts to accommodate Defendants' discovery demands.

Respectfully submitted,

Christopher A. Colvin, Esq.
Practus LLP
*Attorneys for Plaintiff Weather Brands LLC*

---

[3] Goldstein emails include those produced at the following Bates numbers: ASP001331, 1348, 1364, 1380, 1398, 1415, 1932, 1933, 1934, 1936, 1940, 1950, 1959, 1968, 1977, 2510, 2520, 2530, 2539, 2548, 2559, 2570, 2580, 2590, 2601, 2612, 2622, 2632, 2644, 2656, 2669, 2683, 2697, 2806, 2807, 2810, 2823, 2836, 3009, 7107, 7117, 7787, 7796, 8076, 8090, 8182, 8261, 8292, 8297, 8512, 8534, 8745, 9285, 9302, 9348, 9365, 9382, 9399, 9417, 9435, 9453, 9472, 9491, 9519, 9772, 9774, 9833, 9857, 9860, 9875, 9891, 9897, 9901, 9905, 9910, 9916, 9921, 9935, 9940, 9945, 9951, 9956, 9963, 9969, 13282, 13292, 13562, 13566, 13751, 13764, 13813, 13866, 13894, 13896, 13902, 13916, 14045, 14179, 14190, 14201, 14212, 14224, 14235, 14247, 14259, 14271, 14284, 14297, 14311, 14378, 14380, 14393, 14396, 14399, 14441, 14445, 14449, 14453, 14458 and 14462. Cohen emails include those produced at the following Bates numbers, as well as hundreds more: ASP000040, 45, 50, 63, 68, 73, 80, 89, 98, 107, 116, 128, 141, 165, 181, 196, 212, 216, 220, 225, 231, 238, 246, 254, 262, 272, 274, 277, 280, 285, 287, 293, 298, 303, 327, 333, 342, 362, 363, 366, 379, 386, 394, 397, 401, 414, 426, 441, 455, 677, 680, 779, 783, 786, 789, 793, 797, 827, 832, 837, 867, 873, 888, 905, 922, 940, 945, 948, 960, 961, 962, 963, 965, 967, 970 and 973.

[4] As Weather Brands has explained to Defendants and the Court, it is an IP licensing company, whose business consists essentially of owning and licensing IP to its exclusive licensee All Season Power. As such, it has a limited need for the types of email correspondence Defendants are demanding. As Plaintiffs have also explained on numerous occasions, because of this limited need, Weather Brands does not maintain its own email server and, instead, utilizes the email server of its exclusive licensee. That server has been searched and responsive emails have been produced.

[5] Some of those product images already have been produced at ASP014486, 14487, 14488 and 14489.

[6] *See, e.g.*, *Brown v. Barnes and Noble, Inc.*, 474 F.Supp.3d 637, 644 (S.D.N.Y. 2019) ("[n]othing in Rule 26(g) obligates counsel to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request.") (citation and internal quotations omitted).