UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

| | | |
|---|---|---|
| WEATHER BRANDS LLC, Plaintiff, ALL SEASON POWER LLC, Intervenor, -v- BLUE MINERAL CORPORATION, et al., Defendants. | : | 25cv2423 (DLC) MEMORANDUM OPINION AND ORDER |

---------------------------------------- X

APPEARANCES:

For Plaintiff Weather Brands LLC:
Christopher Andrew Colvin
Practus, LLP
543 E. 17th Street
Brooklyn, NY 11226

For Intervenor Plaintiff All Season Power LLC:
Matthew B. McFarlane
Practus LLP
1014 W 36 St, Suite 103
Baltimore, MD 21211

For Defendants Blue Mineral Corp. and Barry Wachsler:
Michael Myer Steinmetz
Garson Segal Steinmetz Fladgate LLP
164 West 25th Street, Floor 11
New York, NY 10001

DENISE COTE, District Judge:

The plaintiff Weather Brands LLC ("Weather Brands") has moved for the entry of sanctions against defendants Blue Mineral Corp. ("Blue Mineral") and Barry Wachsler for their alleged

failure to produce text messages during discovery. It has also moved for the entry of sanctions against defense counsel Michael Steinmetz for making false statements to the Court about the completeness of discovery. For the following reasons, the motion is denied in part and defendant Wachsler is ordered to submit a supplemental declaration regarding his search for responsive text messages.

## **Background**

Weather Brands brought this action against Blue Mineral Corp., its owner, Barry Wachsler, and other entities on March 24, 2025. After Blue Mineral and Mr. Wachsler moved to dismiss the complaint for failure to state a claim, Weather Brands filed a First Amended Complaint ("FAC") on July 21. The FAC alleged that the defendants infringed plaintiff's registered trademarks by selling snow and ice melt products with similar names and packaging designs to the same retailers as plaintiff, such as Home Depot. An Order of December 11 denied the defendants' motion to dismiss.

Another Order of December 11 set a schedule for discovery, ordering the parties to complete fact discovery by May 29, 2026 and expert discovery by August 14. On January 30, 2026, Weather Brands made several requests for production for "[a]ll communications," including "text messages," regarding the marks

at issue or the purchase or potential purchase of defendants' ice melt products. From May to July of 2026, the parties raised many discovery disputes and the Court held many conferences to resolve those disputes. During a May 14 conference, the parties agreed upon a three-year timeframe for the email and text message production, from January 1, 2023 to December 31, 2025, inclusive. An Order of May 15, 2026 required defendants to complete their email and text message production by June 5 and extended the time for fact discovery to July 10.

Defendants did not produce any text messages by June 5. During a June 11 conference, defense counsel confirmed that defendants did not produce text messages or request an extension by the Court-ordered deadline. The Court also asked defense counsel whether all of the searches "with respect to the[] emails and texts" had been completed, and defense counsel responded: "I believe they were." The Court granted defendants another extension for text message production to June 25, as stated in an Order of June 12.

Defendants also did not produce any text messages by June 25. Weather Brands informed the Court of defendants' failure to produce text messages in a letter dated June 29. In their June 30 response, defendants represented that "defendants' production is complete" because they had "no reason to believe" that any

text messages "actually exist." In its July 7 reply, Weather Brands stated that it had access to WhatsApp text message exchanges with Mr. Wachsler that contained eight of the 20 keywords the parties agreed upon as the scope of the discovery search. During a July 10 conference, the Court reminded defense counsel that he has "an obligation to make sure [defendants] compl[y] with their discovery burdens" and plaintiff's counsel requested an extension to move for sanctions for discovery violations. An Order issued later that day permitted Weather Brands to move for sanctions no later than July 17.

On July 17, Weather Brands moved for sanctions against the defendants and Mr. Steinmetz. It asserts that defendants failed to comply with discovery orders requiring the timely production of responsive text messages, and that Mr. Steinmetz made false statements to the Court concerning the completeness of discovery. Weather Brands asks for sanctions against the defendants under Rule 37(b) and sanctions against defense counsel under Rule 26(g), Fed. R. Civ. P. More specifically, it asks the Court to (i) strike defendants' affirmative defenses, (ii) bar defendants from making arguments and introducing evidence on certain topics, (iii) instruct the factfinder that it can presume any withheld or destroyed text messages were unfavorable to defendants, and (iv) grant plaintiffs the

attorney's fees and expenses it incurred as a result of the alleged violations under Rule 37 of the Federal Rules of Civil Procedure. On July 31, defendants and Mr. Steinmetz opposed the sanctions motion. That opposition included a declaration of July 31 from defendant Wachsler. On August 7, Weather Brands filed its reply and the motion became fully submitted.[1]

## Discussion

This sanctions motion turns on a simple question: Do responsive text messages -- i.e., text messages dated January 1, 2023 to December 31, 2025, including at least one of 20 search terms -- exist? If so, defendants have violated the Orders of May 15 and June 12, and defense counsel may have failed to meet his professional and ethical obligation to make truthful representations to the Court. If not, no violation has occurred.

As the movant, plaintiff Weather Brands bears the burden of proving that responsive text messages do, in fact, exist, and, thus, that a discovery violation or false representation occurred. In its opening brief, Weather Brands repeatedly states that it "know[s] that Defendant Barry Wachsler conducted

[1] Weather Brands filed a second motion for sanctions for discovery violations on July 29. An Order of July 31 struck this second sanctions motion without prejudice to plaintiff renewing the motion at the conclusion of the litigation.

business primarily through text messages" and identifies two pieces of evidence to support that contention and prove that defendants violated discovery orders by not producing any text messages. Neither is persuasive.

First, Weather Brands points to search results from two conversations on WhatsApp, a text messaging platform that displays messages in chronological order, with defendant Wachsler that Weather Brands had in its possession. The first conversation was between Mr. Wachsler and Benjamin "Benjy" Goldstein, Weather Brands's managing member, and dated January 2, 2025 to July 1, 2026. The second conversation was between Mr. Wachsler and Joseph Cohen, an individual associated with plaintiff-intervenor All Season Power, and dated August 23, 2022 to June 8, 2026. Weather Brands contends that it searched these two WhatsApp conversations with the Court-ordered search terms and received "38 hits across eight of [those] search terms" -- evidence that responsive text messages did, in fact, exist. A review of those 38 "hits," however, indicates otherwise. 17 of the 38 hits merely reflect the sender's name, "Benjy Goldstein." The remaining 21 hits appear in the substance of the text messages (14 of which were found in the conversation with Benjy Goldstein and 7 of which were found in the conversation with Joseph Cohen) but fall outside of the three-year period for

discovery from 2023 to 2025. As a result, none of the 21 substantive hits is responsive to the discovery request or indicates that any responsive text messages exist.

Second, Weather Brands contends that defendants' representations that no responsive text messages exist "are further contradicted by Wachsler's recorded statements that his original text and WhatsApp messages remained on an older phone, could be downloaded, and were available for Plaintiff's review." The purported contradiction, however, is not clear. Such statements do not suggest that any responsive text messages exist. In his declaration submitted in opposition to the sanctions motion, Mr. Wachsler attests that, when he replaces his cell phone, he transfers text messages from his prior phone to his new phone, and that any text messages "from 2023 through 2025" are contained on his current phone. Weather Brands's speculation that responsive text messages may continue to exist on Mr. Wachsler's older phone cannot serve as the primary basis for imposing sanctions.

In its Reply, Weather Brands makes one final argument to support its contention that responsive text messages exist and were withheld. Weather Brands points to a statement in Mr. Wachsler's declaration that, during the responsive time period, he engaged in "text-message conversations" with personnel from

Ecoplast, defendants' packaging designer and manufacturer, and from Home Depot, a key retailer for both parties, even though he "communicated with them principally by telephone or email." Weather Brands then notes that "[t]hose text messages admittedly were not produced."

Weather Brands is right to highlight this statement and the questions it raises. In his declaration, Mr. Wachsler attests to "search[ing] the mobile messaging available on [his] current phone for responsive information" and notes that he "found during that period . . . text-message conversations with Ecoplast and with Home Depot personnel." He does not, however, state whether he provided those text messages to counsel for review and production, as he does for the responsive emails he discovered. Nor does he otherwise explain why those text message conversations were not produced to plaintiff as responsive, when "ecoplast" and "!depot" were included in the list of agreed-upon search terms. Mr. Wachsler's statement that he has "not intentionally or otherwise deleted or destroyed any message, device, backup, or other information for the purpose of preventing its use in this lawsuit" is not sufficient to explain the lack of production. A separate order will require a supplemental declaration from Mr. Wachsler addressing these issues before a decision can be made on the sanctions motion.

## Conclusion

The plaintiff's July 17, 2026 motion for sanctions is denied in part.

Dated: New York, New York
August 27, 2026

DENISE COTE
United States District Judge