Case 1:25-cv-02423-DLC Document 172 Filed 09/03/26 Page 1 of 2

PRACTUS
MATTHEW MCFARLANE, Partner
matthew.mcfarlane@practus.com
1014 W 36th Street, Suite 103
Baltimore, MD 21211
(410) 657-8633

*via ECF*

September 3, 2026

Any opposition to this request is due 9/4/26 at noon. Denise Cote 9/3/26

The Honorable Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corp. et al.*, No. 1:25-cv-2423-DLC-SLC
**Motion to Direct Defendants' Production of Witness Contact Information**

Dear Judge Cote:

Intervenor-Plaintiff and Counterclaim-Defendant All Season Power LLC ("ASP") respectfully moves the Court to compel Defendants Blue Mineral Corporation ("BMC") and Barry Wachsler (together, "Defendants") to disclose contact information for a central percipient witness, Ilana Lent ("Ms. Lent"), to assist with the service of a subpoena for deposition and production of documents under Fed. R. Civ. P. 45. As required, counsel met and conferred by telephone on September 2, 2026 at 3:00pm, and the parties were unable to resolve the dispute.

**A. Background Facts**

In August 2022, assets belonging to Northrock Minerals, Defendant Wachsler's former employer, were sold to Snow Joe, LLC ("Snow Joe") in a multi-million-dollar transaction that included, among other assets, the trademarked BLUE HEAT ice-melt product. Snow Joe is the predecessor-in-interest to Plaintiff and Counterclaim-Defendant Weather Brands LLC, ("Weather Brands") the owner of IP relating to BLUE HEAT and other ice-melt products acquired in the transaction, IP that ASP currently licenses. Soon after the transaction closed, Snow Joe engaged Ms. Lent as a transition consultant under a September 1, 2022 Agreement which obligated her to onboard the acquired ice melt brands, transition legacy vendors and customers to Snow Joe, and facilitate the monetization of the newly acquired assets.

Instead, while operating from within Snow Joe's proprietary systems and under a strict duty of confidentiality, Ms. Lent forwarded sensitive internal emails to her personal and past email accounts. Based on information recently discovered, ASP believes that over the subsequent months, Ms. Lent worked together with Defendant Wachsler to divert critical business information from Snow Joe relating to the ice-melt business it had recently purchased. Upon the expiration of her transition role, Ms. Lent reunited with Wachsler at his newly operational corporate vehicle, Defendant BMC. Soon after that, BMC began marketing the confusingly similar BLUE FIRE brand to customers that had previously purchased the BLUE HEAT product sold to Snow Joe, including Home Depot, the key customer whose transition Ms. Lent had been paid to safeguard. As a result, Ms. Lent is a central character who sat at the direct intersection of the asset sale, the transition, the unauthorized siphoning of proprietary data, and the launch of the infringing brand, making her testimony and personal records uniquely critical for establishing willful infringement, trade dress infringement, and Defendants' bad faith.

Case 1:25-cv-02423-DLC Document 172 Filed 09/03/26 Page 2 of 2



On August 21, 2026, counsel for Plaintiff and Counterclaim Defendant Weather Brands LLC ("Weather Brands") issued a subpoena to Ms. Lent and sent that subpoena to a process server for service on Ms. Lent's last known address. That address was obtained from records maintained by Snow Joe as her past employer. Defendants were served with a copy of the subpoena on that same day as required. Fed. R. Civ. P. 45(a)(4). The process server was unable to serve the subpoena at the address provided, and no additional addresses for Ms. Lent have been found by searching public records.

**B. The Court should order defendants to disclose Ms. Lent's contact information.**

Discovery is permitted as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The identity and location of a person with knowledge of relevant and discoverable information falls squarely within that scope and is discoverable. *See In re Initial Public Offering Sec. Litig.*, 220 F.R.D. 30, 33-34 & n.15 (S.D.N.Y. 2003); *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, No. 06-cv-1045, 2007 WL 2743696 at *3 (E.D.N.Y. Sep. 18, 2007). It does not matter whether Defendants intend to call Ms. Lent as a witness at trial, or to rely on her to support their defenses. *See Norflet v. John Hancock Fin. Servs., Inc.*, No. 3:04-cv-1099, 2007 WL 4333332, at *2 (D. Conn. Feb. 5, 2007) (interpreting the scope of Rule 26(b)(1)). Defendants are the party with practical access to information concerning Ms. Lent's current whereabouts, as Ms. Lent had been working for or with Defendants until at least October 2025.

During the parties' meet and confer, ASP requested that contact information, and counsel for Defendants refused to provide it, citing the lack of a formal discovery request including that information. There is no such requirement, as even an informal request may be sufficient to trigger a duty to produce discoverable information. *See LPD New York, LLC v. Adidas America, Inc.*, No. 15-cv-6360, 2018 WL 6437078, at *3 (E.D.N.Y. Dec. 7, 2018). To remove any doubt, however, ASP has since served an interrogatory expressly directed to the disclosure of Ms. Lent's contact information. *See* Local Civ. R. 33.3(a).

**C. Relief Requested**

Because the information requested is relevant, non-privileged, and likely within Defendants' possession, custody, or control, ASP respectfully asks the Court to order Defendants to provide contact information for Ms. Lent within three (3) business days to aid in the service of a subpoena seeking her deposition testimony and production of documents.

Respectfully submitted,

Matthew McFarlane
PRACTUS LLP
*Attorneys for Plaintiff-Intervenor All Season Power LLC*