Case 1:25-cv-02423-DLC Document 175 Filed 09/04/26 Page 1 of 2

GS2LAW

Michael Steinmetz
225 Broadway, 37th Floor
New York, NY 10007
Tel. + 1 212.380.3623
ms@gs2law.com

***VIA ECF***

September 4, 2026

Hon. Denise L. Cote
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Weather Brands LLC v. Blue Mineral Corporation, et al., No. 1:25-cv-02423 (DLC)*
**Defendants' Response in Opposition to ASP's Motion to Direct Production of Witness Contact Information**

Dear Judge Cote:

Defendants Blue Mineral Corporation ("BMC") and Barry Wachsler (together, the "BMC Parties") respectfully oppose All Season Power LLC's ("ASP") September 3, 2026 letter-motion (ECF No. 172), because it asks the Court to compel within three business days information Defendants do not possess while bypassing the interrogatory process ASP itself selected only after the parties' September 2 conference. After reasonable inquiry, Defendants' information is limited and straightforward: Ms. Lent is an independent nonparty, whom Defendants understand to be outside the United States. the BMC-related address or email address known to Defendants is the historical email address ilana@bluemineral.com. ASP's merits narrative cannot convert unknown facts into information "available to the party," and its own chronology reveals no ripe discovery failure for the Court to compel.

### I. ASP Moved Before Any Response Was Due

This is not a document demand under Rule 34 because ASP seeks factual information concerning a nonparty's current whereabouts, and ASP's letter acknowledges that ASP served an interrogatory directed to that subject only after the September 2 discussion. ECF No. 172 at 2. Rule 33(b)(2) gives a responding party thirty days to investigate and serve verified answers and objections unless a different period is stipulated or ordered, while Rule 37(a)(3)(B)(iii) permits compulsion only when a party "fails to answer" an interrogatory. Defendants cannot fail to answer an interrogatory that is not yet due, and ASP identifies no prior written request, agreement, order, or other circumstance that could turn a newly served interrogatory into an immediate default.

The pre-service September 2 discussion does not satisfy the required conference concerning the dispute now presented because the parties could not discuss the interrogatory's actual wording, a sworn answer, or any specific objection before the request existed, and Plaintiffs could not tie the request for information to a previously served written demand. Your Honor's Individual Practices § 2.C require a good-faith in-person or telephone conference about the discovery dispute before a party seeks relief, and Local Civil Rule 37.1 requires the movant to quote verbatim each discovery request and response and explain why compulsion is warranted. Tellingly, ASP's letter quotes neither the later-served interrogatory nor any response, and ASP's citation to a decision concerning an informal document request does not erase Rule 33's response period, create a failure that has not occurred and before Defendants can investigate and respond under oath.

ASP's three-business-day emergency is self-created and contradicted by Co-Plaintiffs' unfinished discovery. ASP's letter states that Weather Brands waited until August 21, at that time 10 days before the close of written discovery to attempt to subpoena the witness ASP now labels "central." Weather Brands attempted service using Snow Joe's historical address, served its interrogatory late on September 3, and moved to compel 10 minutes later. Meanwhile, despite repeated meet-and-confers, Co-Plaintiffs stalled their own keyword searches that were demanded on **May 20:** Weather Brands still had not disclosed the searched accounts, custodians, applications, date ranges, terms, or hit counts or produced complete Goldstein and Cohen communications, and Co-Plaintiffs acknowledged on September 1 that their

Case 1:25-cv-02423-DLC Document 175 Filed 09/04/26 Page 2 of 2

searches and production remained ongoing. *See* ECF Nos. 160, 166–167. ASP also served more than 44,000 pages on August 28 and proposed continuing production through September 18, still has numerous discovery-related questions from Defendants unanswered, most recently a letter sent August 25, 2026, 10 days ago, with a meet and confer already occurring, yet demands Defendants respond in three days. That history shows self-created haste, not a basis to shift Co-Plaintiffs' Rule 45 service burden to Defendants.

Rule 33(b)(1)(B) but it does not require a party to manufacture unknown facts, hire an investigator, or obtain information from an independent nonparty outside its control. See *Continental Western Insurance Co. v. Opechee Construction Corp.*, No. 15-cv-006-JD, 2016 WL 865232, at *4 (D.N.H. Mar. 2, 2016) (denying a motion to compel because Rule 33 does not require a party to obtain information from former employees no longer under its control); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138–39 (2d Cir. 2007) (a party need not produce material it does not possess and cannot obtain).

Finally, ASP's own letter confirms that Co-Plaintiffs have at least equal and likely superior access because Snow Joe engaged Ms. Lent, maintained the last-known address used by the process server, and supplied the agreement and records on which ASP bases the motion. ECF No. 172 at 1–2. Rule 45 places service of the subpoena on the issuing party rather than deputizing Defendants to locate its witness.

Accordingly, Defendants respectfully request that the Court deny ASP's letter-motion in its entirety.

Respectfully submitted,

/s/ Michael M. Steinmetz
Michael M. Steinmetz
*Counsel for Blue Mineral Corporation*
*and Barry Wachsler*

The defendants shall provide the plaintiffs by September 10 with all contact information in their possession for Ilana Lent.

Denise Cote
9/4/26