UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WEATHER BRANDS LLC,**<br><br>*Plaintiff,*<br><br>**ALL SEASON POWER LLC,**<br><br>*Plaintiff-Intervenor,*<br><br>*-against-*<br><br>**BLUE MINERAL CORPORATION,<br>BARRY WACHSLER and JOHN DOES 1-10,**<br><br>*Defendants.* | Civil Action No.<br>25-cv-2423-DLC |

**DEFENDANTS BLUE MINERAL CORPORATION AND BARRY WACHSLER'S SUR-REPLY IN FURTHER OPPOSITION TO WEATHER BRANDS LLC'S MOTION FOR DISCOVERY SANCTIONS**

## PRELIMINARY STATEMENT

Weather Brands LLC ("Weather Brands") sought sanctions against Blue Mineral Corporation ("Blue Mineral"), Barry Wachsler (together, the "BMC Parties"), and their counsel based on blatantly unsupported claim that it "knew" responsive text messages existed. **That was the entire basis for its motion**. Despite its limited view of Weather Brands' counsel's conduct outside the courtroom, the Court carefully examined the two grounds advanced for that claim and found neither persuasive. In other words, **none** of Weather Brands' thirty-eight supposed keyword hits identified a substantive hit within the agreed January 1 December 31, 2025 period, and the theory that responsive messages remained on an older phone was pure speculation. *See* Declaration of Barry Wachsler ("BW Decl.") (ECF No. 162 at 5-7). The Court left open only a narrow question created by paragraph 8 of Barry Wachsler's July 31 declaration: whether his reference to Ecoplast and Home Depot text-message "conversations" meant that responsive messages existed and, if so,

why they were not produced. *Id.* at 7-8. Mr. Wachsler has now answered that question definitively: no responsive messages exist.

Indeed, the Supplemental Declaration removes all ambiguity as Mr. Wachsler states under penalty of perjury that he searched the relevant period for messages, including “ecoplast” and “depot”; that paragraph 8 meant he located and reviewed message threads, not that he found a message responsive to Weather Brands’ requests; and that the messages were not responsive. Wachsler Supp. Decl. ¶¶ 4-7. He further confirms that he did not exclude the threads because their contents were unfavorable and did not make any message unavailable, delete any responsive message, or alter any thread to prevent its use in this litigation. *Id.* ¶ 8. That is the clarification the Court ordered. Weather Brands does not and cannot identify any contrary evidence.

Accordingly, the Weather Brands’ motion should therefore be denied.

## ARGUMENT

### I. THE SUPPLEMENTAL DECLARATION ANSWERS THE ONLY QUESTION THE COURT LEFT OPEN.

The Court framed the sanctions motion around a “simple question”: whether responsive text messages - messages within the agreed period that included at least one agreed search term - existed. *See* ECF No. 162 at 5. If they did not, the Court held, “no violation has occurred.” *Id.* Weather Brands bears the burden of proving otherwise. *Id.* The Court rejected the thirty-eight-hit chart and the older-phone theory because neither identified a responsive message. *Id.* at 5-7. The sole remaining uncertainty concerned the meaning of paragraph 8 of Mr. Wachsler’s prior declaration. *Id.* at 7-8.

The Supplemental Declaration answers that question directly and narrowly. Mr. Wachsler searched January 1, 2023 through December 31, 2025 for messages, including “ecoplast” and

"depot." Wachsler Supp. Decl. ¶ 5. He explains that paragraph 8 referred to locating and reviewing the corresponding threads, not to finding a responsive message, and he confirms that the messages were not responsive to Plaintiffs' discovery demands. *Id.* ¶¶ 6-7. He also rejects the only adverse inference Weather Brands attempts to draw from nonproduction: the threads were not excluded because their contents were unfavorable, and no message was made unavailable, no responsive message was deleted, and no thread was altered to prevent its use. *Id.* ¶ 8.

Weather Brands' argument depends on equating the existence of a thread with the existence of a responsive message. The Court has already rejected that kind of inference. Seventeen of the asserted WhatsApp "hits" were merely the sender label "Benjy Goldstein," not substantive message content. *See* ECF No. 162 at 6. Here, the Supplemental Declaration expressly explains that locating and reviewing the Ecoplast and Home Depot threads did not mean that a responsive message had been found. *See* Wachsler Supp. Decl. ¶ 6. The Reply called those messages "admittedly" responsive, but neither declaration makes that admission. The sworn clarification now before the Court says the opposite. ECF No. 149 at 4

## I. WEATHER BRANDS HAS NOT SHOWN A VIOLATION, LOST ESI, OR A FALSE CERTIFICATION.

Rule 37(b) applies when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The relevant orders required production of responsive text messages; they did not require production of every message thread with a vendor or retailer regardless of content. The Court has already held that the first two categories of evidence offered by Weather Brands did not show that responsive messages existed. *See* ECF No. 162 at 5-7. The Supplemental Declaration confirms that the particular Ecoplast and Home Depot messages that prompted the remaining question were not responsive. *See* Wachsler Supp. Decl. ¶¶ 5-7. Weather Brands therefore has not established the predicate violation.

Moreover, Weather Brands' adverse inference theory fails for an independent reason. Rule 37(e) applies only when electronically stored information that should have been preserved "is lost because a party failed to take reasonable steps to preserve it" and "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); *see CAT3, LLC v. Black Lineage, Inc.,* 164 F. Supp. 3d 488, 495-96 (S.D.N.Y. 2016). An adverse inference or comparable merits sanction additionally requires an intent to deprive another party of the information's use. Fed. R. Civ. P. 37(e)(2). Mr. Wachsler states that he did not make any message unavailable, delete any responsive message, or alter any thread to prevent its use. Wachsler Supp. Decl. ¶ 8. Weather Brands has not shown lost ESI, prejudice from loss, or an intent to deprive.

Nor has Weather Brands shown a basis to sanction counsel under Rule 26(g). That rule authorizes sanctions only when a discovery certification violates Rule 26(g) without substantial justification. Fed. R. Civ. P. 26(g)(3). The factual premise of Weather Brands' accusation was that responsive messages necessarily existed because nonresponsive threads existed. The Supplemental Declaration eliminates that premise. An imprecise reference to locating and reviewing "conversations," now clarified under penalty of perjury, does not establish that counsel made a false certification or knowingly misrepresented the existence of responsive material.

The extraordinary relief Weather Brands seeks is also disconnected from the present facts of this case. Striking defenses, merits preclusion, and an adverse inference are drastic sanctions reserved for serious noncompliance attributable to willfulness, bad faith, or fault. *See S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010). Any sanction must be "just" and commensurate with the violation proved. S*hcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007). Here there is no identified withheld message, no showing of lost

ESI, no demonstrated prejudice, and no evidence of bad faith. There is therefore nothing to remedy through sanctions.

## CONCLUSION

For these reasons, and those stated in Defendants' Opposition, the Court should deny the remaining portion of Weather Brands' July 17, 2026 motion for sanctions on the present record. The ordinary supplementation obligations under Rule 26(e) remain in place; no broader prospective ruling is necessary.

Dated: September 8, 2026
New York, New York

**GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**

By: */s/ Michael M. Steinmetz*
Michael M. Steinmetz
225 Broadway, 37th Floor
New York, New York 10007
Tel.: (212) 380-3623
Email: ms@gs2law.com

*Attorneys for Defendants Blue Mineral Corporation and Barry Wachsler*