GS2LAW

Michael Steinmetz
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
ms@gs2law.com

***VIA ECF*** September 11, 2026

Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.,* No. 1:25-cv-02423 (DLC)
**Response Opposing Plaintiffs' Letter-Motion to Compel Bank Account Records (ECF No. 188)**

Dear Judge Cote:

Defendants Blue Mineral Corporation ("BMC") and Barry Wachsler oppose Plaintiffs' letter-motion demanding the account-holder names and addresses and every deposit and withdrawal from two accounts over the 42-month period from January 2023 through June 2026. ECF No. 188. That is not the "discrete" relief Plaintiffs describe but instead is total-account discovery based on two fields in Home Depot's vendor records, without evidence establishing who legally owned the accounts or why every transaction would bear on the claims in this action. This is not the first time Weather Brands has tried to get bank account records. It made this argument in the May 14, 2026 hearing before the Court, and the Court did not grant its request. Furthermore, Plaintiff is making a request for more than 3 years of information with written discovery **already closed**. There is no agreement to extend, and if Plaintiff contends discovery is ongoing, it is still severely deficient in its own production. Plaintiff is trying to get a second bite at the apple by reframing its previously denied argument as a discovery dispute, and as described below, the "discrepancies" Plaintiffs identify do not justify the scope of the requests it is seeking.

Like ECF No. 186, this motion should also be viewed in context. The Court denied Weather Brands' first sanctions letter-motion (ECF Nos. 91, 102), did not grant its second (ECF Nos. 104, 106), and instead authorized a single formal motion (ECF No. 118). Weather Brands filed that motion (ECF Nos. 123–127), which the Court has since denied in part (ECF No. 162). Twelve days later, without leave, it filed a second sanctions motion (ECF Nos. 135–138), which the Court struck (ECF No. 141). Its reply on the first motion then re-filed all twenty-one exhibits from the stricken motion (*compare* ECF No. 150, Exs. 1–21, *with* ECF No. 137, Exs. A–U), and Defendants asked the Court to disregard that new matter (ECF Nos. 151, 156, 158).

The sales-figure accusation in ECF No. 188 rests on that reply and two of those re-filed exhibits. *See* ECF No. 188 at 2 nn.2–3 (citing ECF Nos. 149, 150-7, 150-8). This letter is thus the third vehicle for the same accusation, now recast as a discovery dispute. Its timing is also telling. Plaintiffs refused Defendants' request for a thirty-day extension of document discovery and consented only to September 18 (ECF Nos. 165, 166, 168). Eight days before that date, they filed this letter demanding forty-two months of bank records within three business days. Meanwhile, Plaintiffs have not cured their own deficiencies: ASP still has not produced the 1,189 native files withheld from its first production; ASP has failed to run numerous relevant search terms, several of which it had previously committed to running; ASP has failed to search the mailbox of in-house counsel Anthony Ruiz on the basis of privilege, even though the correct protocol is to conduct a search and produce a privilege log; Weather Brands has not disclosed the search terms or custodians applied to its own records (ECF Nos. 152, 160, 165); Plaintiffs have not run keyword searches of text messages; and Plaintiffs have run their searches in the completely arbitrary time period of February 6, 2024 to May 11, 2026, despite relevant discoverable information existing outside this time period. Defendants have previously requested, in their response to ECF No. 186, leave to submit a separate letter, not to exceed five pages, setting out this history in full.

The RFPs quoted by Plaintiffs do not justify the relief sought. For example, All Season Power RFP 3 seeks records of payments from Home Depot; RFP 4 seeks records concerning sales to other customers; and Weather Brands RFPs 12 and 15 seek payments to Ecoplast and Kizewski Packaging Services. Those requests

do not make every unrelated deposit and withdrawal discoverable. Weather Brands RFP 62 demanded all records for every financial account held by, in the name of, or controlled by either Defendant and drew a proportionality objection precisely because it would expose transactions unrelated to BLUE FIRE, Home Depot, either vendor, or any pleaded issue. Plaintiffs left that March 2026 objection unchallenged for six months. Rule 26(b)(1) requires tailoring, not complete financial surveillance whenever a retailer screen contains an account number.

BMC's completed production exceeds 51,900 Bates-numbered pages and includes transaction-level sales, profit-and-loss, inventory, cost, margin, invoice, vendor, and source records. Representative financial materials appear at BMC-ECOPLAST-000106 through BMC-ECOPLAST-000164, BMC-ECOPLAST-000182 through BMC-ECOPLAST-000187, BMC-ECOPLAST-000586 through BMC-ECOPLAST-000640, BMC-ECOPLAST-000647 through BMC-ECOPLAST-000654, and BMC-ECOPLAST-022113 through BMC-ECOPLAST-022170, together with the ordinary-course Ice Melt Reports. After the reasonable searches underlying that production, Defendants located no additional responsive bank statements or bank-originated transaction records in the sources searched. Home Depot's supplier agreement and later vendor screen identify payment instructions; they are not account-title certifications, account-opening documents, statements, or ACH traces. Home Depot's records cannot show where that account resided, under what title, or whether it was used during the 42 months Plaintiffs demand.

Plaintiffs' opening demand for the account holders' "name and address" further exposes the mismatch between the motion and the RFPs. That demand asks Defendants to supply a narrative answer, not to produce an identified existing document. Defendants have not withheld an account-title document; none was located in the searched sources. The Home Depot records themselves use inconsistent business, vendor, and contact fields: the supplier agreement identifies BLUE MINERAL CORPORATION as the business and Mr. Wachsler as "VP," while Home Depot later associates a bank instruction with its own vendor record. Those entries show where Home Depot was instructed to direct payment. They do not establish account title or personal receipt.

The claimed sales "discrepancies" do not supply the missing basis for all-account discovery. The 275,000-unit interrogatory figure was an estimate, since supplemented by QuickBooks material consisting of transaction-level sales entries, and the Home Depot material is a retailer-side purchasing extract. Plaintiffs may examine BMC's Rule 30(b)(6) witness about the estimate and the QuickBooks data, but bank statements are not unit ledgers. Nor do Plaintiffs provide the AEO extract, define its fields, or present a transaction-level reconciliation supporting the claimed $1.6 million difference; they acknowledge instead that the data is not in a form they can present with the motion. Home Depot's data uses its own fiscal and accounting fields and may reflect returns, credits, discounts, offsets, and timing differences. Bank deposits would show net cash movements, potentially consolidated across invoices, not units sold. Every withdrawal would sweep any tax, payroll, unrelated vendor, or transfer entry appearing on a statement. "Follow the money" is a slogan, not a Rule 26(b)(1) proportionality analysis.

Plaintiffs already possess the direct evidence needed to perform a proper reconciliation: Home Depot's own transaction data and BMC's transaction-level accounting records. If Plaintiffs identify a specific Home Depot remittance that is absent from BMC's books and provide the date, amount, and supporting transaction, Defendants will meet and confer over a targeted request. Plaintiffs should not obtain every movement through two accounts before doing that work. Defendants respectfully request that the Court deny ECF No. 188 or, at minimum, decline to order any production beyond a transaction-specific issue demonstrated at a discovery conference.

Respectfully submitted,

*<u>/s/ Michael Steinmetz</u>*
Michael Steinmetz
**GARSON SEGAL STEINMETZ FLADGATE LLP**
*Counsel for Defendants Blue Mineral Corporation and Barry Wachsler*
cc: All counsel (via ECF)