GS2LAW

Michael Steinmetz
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
ms@gs2law.com

***VIA ECF*** September 17, 2026

Hon. Denise L. Cote
United States District Judge
500 Pearl Street
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.,* No. 25-cv-02423
**Renewed Letter-Motion to Compel**

Dear Judge Cote:

Defendants Blue Mineral Corporation and Barry Wachsler (together, "Defendants") renew their request under Rules 26, 34, and 37 to compel Weather Brands LLC ("WB") and All Season Power LLC ("ASP") to finally complete existing production and conduct the additional searches below. Numerous good-faith telephone conferences, emails, and the applications to this Court have not resolved these deficiencies. *See* ECF Nos. 152, 160, 165, 167, 190. Nor has the August 25 and September 9 correspondence, necessitating the filing of this letter-motion. Ex. A at 7–10, 17–21.[1]

Notably, Defendants **first** proposed reciprocal keywords on May 20 and pursued them through May 27–29, while WB emphasized the order requiring Defendants to search its twenty terms. WB nevertheless declared its own production complete, invoked its lack of an email server, and resisted confirming reciprocal keyword searches. Ex. B (May 27–29 emails); ECF No. 88. **WB still has not identified its search terms and custodians**. A claimed absence of a corporate server does not answer whether available electronic records and custodians' business communications were searched. In any case, WB's repeated excuse remains a mystery. A party does not have to own an email server to search it, and ASP searching its own servers is not a substitute for WB's search. ECF Nos. 152, 160, 190. The Court should therefore require WB's own searches and source identification, separately from those of ASP.

Further, Defendants' insistence on further searches yielded highly relevant documents. ASP's August 28 production supplied 44,171 additional Bates pages, ASP014490–ASP058660, only after Defendants pressed for further searching. Ex. C. That production includes Cohen's October 13, 2023, communication identifying BMC (ASP037103), excess BLUE HEAT inventory and Home Depot placement efforts (ASP049746–ASP049750, ASP049843–ASP049844), and a sales-return workbook rendered into 932 PDF pages (ASP024272–ASP025203). The inventory email expressly begins "[f]rom text," providing a specific basis to seek the related messages. These records justify earlier-period, mobile, and source-data searches, and the October 2023 communications fall outside ASP's February 2024 start date. Prior production does not excuse demonstrated gaps. *Hyles* permits renewed searching when deficiencies emerge, which they have here. *Hyles v. New York City*, 2016 WL 4077114, at *3 (S.D.N.Y. Aug. 1, 2016).

Because ASP invokes its narrowed rerun to resist searches requested for months, the order must require further keyword searching rather than merely completion of that narrower collection. ASP's August 19 proposal included !licens!, !acqui!, !fire!, and retailer strings containing snow!, but its September 4 search omitted those terms and leading truncation; on September 11, ASP refused the product-limited alternatives, variants, and per-term counts needed to evaluate its burden claim. Ex. A at 2–3, 7–8, 12, 20–21. Defendants seek those omitted searches; the August 25 product-limited !Descri!, !Trademark!, !Principal!, !Transfer!, !Revenue!, !Flakes!, !Royalt!, and !Packag! terms; !Pellet!, !Blue!, !Supplement!,

[1] In light of Defendants' prior meet-and-confers and letter-motions, the scope of existing production obligations and ASP's written refusals can be resolved without an evidentiary hearing. If the Court nevertheless requires a conference, undersigned principal trial counsel is unavailable until early October due to religious-holiday observance and respectfully requests that any conference be scheduled then. This request does not seek an extension of discovery.

!Label!, !Compare!, and !Similar!; and BH-50, BH 50, AZ-BH-50, and R-Best. Id. at 7–8, 18–19. Searches should cover the responsive pre-February 2024 period demonstrated by the produced records and post-May 11, 2026, supplementation, with reasonable product limiters and equivalent truncation.

The order must also reach the account and text-messaging gaps ASP refuses to resolve: Goldstein's bg@fescony.com/bgoldstein@fescony.com account, not merely bgoldstein@truvoltbrands.com; zchen@truvoltbrands.com; Riley's and Wagner's allseasonpower.com accounts; and Ruiz's nonprivileged business communications. Ex. A at 4, 9, 13, 19. Predicted privilege does not justify excluding an entire account from collection and review. Plaintiffs promised the Court additional Goldstein/Cohen texts and WhatsApp searches using the email terms, yet ASP now states that "text messages will not be searched with any of those keywords." ECF No. 161 at 1–2; Ex. A at 5, 10, 13. Defendants continue to seek those searches, including the identified inventory texts, and confirmation of searched sources, dates, and resulting Bates ranges.

Plaintiffs' repeated delays and gaps in production likewise require an enforceable order for product photographs, specimen inspection and exhibit-marking, review and removal of ice-melt royalty/licensing redactions, usable operational records, and the overdue privilege log. ECF Nos. 161, 161-2; Ex. A at 8–12, 17–21. ASP now refuses warehouse-inventory, open-sales, product-demand, slow-movement, and landed-duty reports, product-limited native production, and correction of illegible or over-redacted exemplars. Those existing records test quantities, costs, returns, and alternative causes of loss. Defendants seek native or otherwise reasonably usable production preserving necessary worksheets, formulas, and relationships, with unrelated data protected, not newly created reports. Fed. R. Civ. P. 34(b)(2)(E). Rule 1006 summaries cannot replace access to their underlying originals or duplicates. Fed. R. Evid. 1006(b). The missing R-Best BH50 complaint media, ASP007629–ASP007633, must also be supplied.

Finally, the Court set August 31 for document discovery and October 30 for all fact discovery. Its later orders permitted extensions only by consent, not rolling production or abandonment of existing obligations. ECF Nos. 118, 164, 168. ASP's September 18 target supplies no answer to its September 11 refusal to specify when each category will be complete, while Plaintiffs pursued orders compelling Defendants' production. Ex. A at 6, 11; ECF Nos. 186, 188, 193. Defendants seek no further extension or reopening of discovery. Plaintiffs' insistence that Defendants restate existing demands while production remains unfinished is gamesmanship, not compliance.

Plaintiffs made numerous representations to the Court in response to Defendants' initial motion to compel production. ECF No. 161. Plaintiffs have not followed through on these representations at all, and their current positions are contrary to those that the Court relied in denying Defendants' initial motion to compel.[2] These requests concern existing demands, including ASP RFP Nos. 3, 7–8, 18–19, and 33, and WB RFP Nos. 3, 7–8, and 18–19. Defendants respectfully request that the Court compel each identified search and production commitment, including missing media, usable source records, and a privilege log compliant with Rule 26(b)(5) and Local Rule 26.2, with a fixed compliance period and category-specific Bates identification.

Respectfully submitted,

*/s/ Michael M. Steinmetz*
Michael M. Steinmetz

[2] *Compare* Plaintiffs representations to the Court at ECF No. 161 *with* Plaintiff's current positions *at* Ex. A at 1–6.