GS2LAW

Pranav Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

***VIA ECF*** September 22, 2026

Hon. Denise L. Cote
United States District Judge
500 Pearl Street
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.,* No. 1:25-cv-02423 (DLC)
**Reply in Support of Defendants' September 17 Letter-Motion to Compel**

Dear Judge Cote:

Defendants Blue Mineral Corporation and Barry Wachsler ("Defendants") respectfully submit this reply in further support of their September 17 Letter-Motion to Compel (the "Letter-Motion") (ECF No. 197). Plaintiffs' opposition confirms that identified production obligations remain unfinished, and it recasts targeted requests as demands to search every product, account, and device without limitation. Plaintiffs acknowledge that they "will complete" product images, specimen inspection, review of royalty and licensing redactions, and the privilege log, but offer no completion date for the material searches and outstanding discovery that are vital to Defendants' defenses. *See* ECF No. 203 at 2. The Court should grant the Letter-Motion.

Defendants seek enforcement of existing obligations, not another extension. Permission to extend discovery by consent is not permission to continue it indefinitely, and the availability of later depositions does not excuse incomplete document production. Defendants seek enforcement of existing obligations, not another extension. Plaintiffs characterize the Letter-Motion as an "attempt to withhold [] consent and then recast their preferred cutoff as a court-ordered deadline." ECF No. 203 at 2. To the contrary, Defendants proposed a 30-day extension, and Plaintiffs insisted on September 18. That date has passed, Plaintiffs' production remains incomplete, and Plaintiffs have not sought more time. Plaintiffs also contend that Defendants filed within hours of emailing them, without allowing time to respond or satisfying the meet-and-confer requirement. *Id.* at 1. Defendants emailed Plaintiffs at 10:58 a.m. on September 17 and filed at 9:19 p.m. In the interim, Plaintiffs' counsel, Mr. McFarlane, responded to a separate email from Defendants but has yet to respond to the September 17 email.

Nor is the dispute new. These requests have been discussed and Plaintiffs have refused to produce several times. The September 17 email did not raise new demands; it tied existing requests to ***matters already addressed*** in the parties' prior conferences and correspondence. ASP's own exhibit records its August 19 search proposal, Defendants' August 25 and September 9 objections, and ASP's September 11 refusals. ECF No. 203-1 at 11–17, 27–32. It also records ASP's August 26 refusal to discuss the August 25 items during an imminent scheduled call, followed by its September 11 position that no issue was properly framed for further conferral. *Id.* at 11–12, 26.

Plaintiffs' methodology argument overlooks the concrete evidence warranting further searches: an October 2023 communication predating ASP's February 2024 cutoff; an inventory email expressly derived "[f]rom text"; the R-Best complaint's missing media; and Goldstein's Fescony addresses. ECF No. 197 at 1–2; ECF No. 203-1 at 16, 20–22, 30. These examples identify particular periods, communications, and sources, providing the factual foundation required by *Winfield v. City of New*

*York*, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018), rather than speculation that more records might exist. *See also Hyles v. New York City*, 2016 WL 4077114, at *3 (S.D.N.Y. Aug. 1, 2016) (recognizing that demonstrated deficiencies may require a renewed search).

Plaintiffs also object to broad standalone terms without addressing the product-limited alternatives Defendants proposed before filing, including licensing, royalty, acquisition, and packaging terms tied to the disputed products and marks, and variants such as BH-50 and AZ-BH-50. ECF No. 203-1 at 14–15. ASP's aggregate 60-GB figure reflects the searches it chose to run, not the incremental burden of these targeted alternatives or whether they would yield unique responsive records. ECF No. 203 at 2. And RFP No. 3 reaches documents concerning the transactions and licensing arrangements underlying ASP's asserted rights, not merely documents identifying an executed license; the "sufficient to" language in other requests does not narrow it. *See* ASP's June 15 responses at 6–7; ECF No. 203-1 at 1–2.

The same specificity answers Plaintiffs' custodian and text arguments. Naming eighteen individuals does not establish that each relevant mailbox was searched. ASP lists Goldstein's truvoltbrands.com address but does not address the bg@fescony.com / bgoldstein@fescony.com accounts, and its statement that it searches its server for WB does not say whether those accounts, or WB's relevant records outside that server, were included. ECF No. 203 at 2; ECF No. 203-1 at 16, 21–22, 30. Likewise, Plaintiffs' distinction between previously identified texts and an expanded protocol leaves unanswered whether the underlying inventory text and the previously promised Goldstein/Cohen messages have been located and produced. A targeted completion order need not require forensic collection of every device.

Nor do ASP's proposed summaries substitute for usable source records. Defendants identified product-limited alternatives and the specific inventory, sales, demand, and cost fields sought, and offered to protect unrelated data. ECF No. 203-1 at 1, 15–16. ASP's objection concerning the other 97% of its products does not answer that proposal or the separately identified nonrecurring attachments. *Id.* at 27–28. Where no form was specified, Rule 34(b)(2)(E)(ii) requires production in a form in which the data is ordinarily maintained or reasonably usable, and an offer to prepare reports does not satisfy that obligation. ASP also expressly invokes Federal Rule of Evidence 1006, and Rule 1006(b) requires that the underlying originals or duplicates be made available. ECF No. 203-1 at 20. A workable product-limited solution must allow verification of the relevant data, not merely acceptance of ASP's conclusions.

Because Plaintiffs acknowledge that these categories remain outstanding, firm completion dates would allow the parties to close them out without further motion practice. Defendants have raised this issue with Plaintiffs multiple times and have been met with repeated empty promises and refusals to complete their discovery obligations. Defendants therefore respectfully request that the Court grant the Letter-Motion and (i) set completion dates for the acknowledged obligations, (ii) order the targeted searches and production of the usable records identified above, and (iii) direct Plaintiffs to confirm in writing any category for which no responsive material was located after a reasonable inquiry. Any remaining disagreement over broader search terms need not delay completion of these items.

Respectfully submitted,

*<u>/s/ Pranav Katti</u>*
Pranav L. Katti
Michael M. Steinmetz
*Attorneys for Defendants Blue Mineral Corporation and Barry Wachsler*