Case 1:25-cv-02423-DLC Document 205 Filed 09/22/26 Page 1 of 1

PRACTUS

MATTHEW MCFARLANE, Partner
matthew.mcfarlane@practus.com
1014 W 36th Street, Suite 103
Baltimore, MD 21211
(410) 657-8633

September 22, 2026 ***via ECF***

The Honorable Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corp. et al.*, No. 1:25-cv-2423-DLC-SLC
**Plaintiffs' Motion for Leave to File Sur-Reply Regarding Defendant's Letter-Motion to Compel Production (Dkt. 197)**

Dear Judge Cote:

Plaintiffs respectfully request leave to submit this short sur-reply to address developments since their September 18 opposition and Defendants' September 22, 2026 reply. (Dkts. 203, 204.)

Defendants' reply illustrates the problem Plaintiffs have been trying to solve. In the four days since Plaintiffs filed their opposition, Defendants have made no effort to confer with Plaintiffs, narrow the remaining disputes, identify priority information, or discuss a practical means of obtaining it. Instead, Defendants filed yet another letter repeating that Plaintiffs have not done enough to meet their insatiable need for more and more production resulting from broad, non-specific search terms.

The record is also moving faster than Defendants' papers suggest. Just minutes after Defendants filed their reply, ASP served its sixth document production, totaling ***more than 173,000 pages.*** Conservatively, that amount represents roughly about 30 percent of the potentially responsive documents identified for review under the current searches, with the bulk of retrieved material still under review. The size of that production reflects the breadth of the searches already undertaken. Defendants nevertheless continue to demand additional terms, sources, accounts, and searches before reviewing what has already been produced, again, without any disclosure whatsoever about how those searches may reveal relevant information about claims and defenses at issue in this litigation.

There is a better and more proportional way to complete discovery. Plaintiffs respectfully request that the Court direct Defendants, before seeking further discovery relief to at least ***attempt*** to meet and confer in good faith, identify the specific responsive information they contend remains missing, identify the request calling for that information, and confer with Plaintiffs regarding a targeted means of obtaining that specific information. Discovery should be directed toward obtaining information needed to litigate the case, not toward endlessly expanding collection and review demands. Defendants continue to unnecessarily and unfairly multiply Plaintiffs' burden and costs..

We thank the Court for its consideration, and respectfully request the Court deny Defendants' Motion.

Respectfully submitted,

Matthew McFarlane
PRACTUS LLP
*Attorneys for Plaintiff-Intervenor All Season Power LLC on behalf of Plaintiff Weather Brands LLC*

The defendants must meet and confer with plaintiffs before bringing any dispute to the Court.
Denise Cote
9/22/26