PRACTUS

CHRIS COLVIN, Partner
chris.colvin@practus.com
543 E. 17th Street
Brooklyn, NY 11226
(212) 619-5378

***via ECF***

October 9, 2026

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-2423-DLC-SLC
**Letter-Motion to Compel Compliance with the Court's September 14, 2026 Order (Dkt. 193)**

Dear Judge Cote:

Co-Plaintiffs Weather Brands LLC and All Season Power LLC ("Plaintiffs") respectfully submit this letter-motion because Defendants Blue Mineral Corporation and Barry Wachsler ("Defendants") have not complied with the Court's September 14, 2026 Order (Dkt. 193) (the "Order"), even after receiving an extension of time to comply that Defendants later requested and received (Dkt. 198).

**The Order and the Extension.** The Order required Defendants to produce the name and address of the account holder(s) and "the records of all deposits and withdrawals" for the period of January 2023 through June 2026, for two accounts identified in Home Depot's subpoena production: Citibank account ending 0942 and Signature Bank account ending 2744. (Dkt. 193 (granting Dkt. 188)). Defendants moved for 18 additional days to comply with the Order, representing that "[t]he banks estimate seven to ten days to furnish the records," that the production could encompass "as many as 84 monthly statements," and that the extra time requested would allow Defendants to "review them responsibly, and ***produce them in full***." (Dkt. 196 at 1) (emphasis added). The Court granted the full extension of time requested by Defendants. (Dkt. 198).

**The October 6 Production.** At 11:16 p.m. on October 6, less than an hour before the deadline, Defendants produced 193 pages (BMC-ECOPLAST-022171–022363),[1] each designated Attorneys' Eyes Only ("AEO") under the Protective Order (Dkt. 58) (the "Production"). The Production fails to satisfy the Order in two critical respects. ***First***, the Production contains redactions that the Order did not permit. In fact, in response to Defendants' request for additional time to comply, Plaintiffs clearly stated their expectation that ***no redactions*** would be made to the bank records. (Ex. A at 1). Additionally, Defendants' redactions are wholly unnecessary because all pages are designated AEO, which protects any sensitive financial information. Defendants nonetheless redacted every account number, all balances, the counterparty on all 135 online transfers, all originator and beneficiary information on wire transfers, and, in several instances, entire withdrawal entries, including date, payee, and amount. The Production thus fails to satisfy production of "the records of all deposits and

---

[1] Plaintiffs are unable to file the Production as an exhibit, as it is designated entirely as AEO. However, to give the Court a sense of the extent of the redactions, a sample of some especially heavily redacted pages are attached (Ex. C), wherein the ***majority*** of the information on certain pages was redacted by Defendants (redactions in black by Defendants, redactions in red by Plaintiffs to preserve potential AEO material). If it would be helpful to the Court, Plaintiffs would be pleased to submit the entire Production for *in camera* review, whether by emailing the Production to Your Honor's chambers or by some other method.

withdrawals." ***Second***, because account numbers have been redacted, the production does not show that the records in fact come from the two accounts the Court identified in the Order. The Production contains statements from Citibank and Flagstar Bank (which assumed Signature Bank's deposits when Signature closed in March 2023), but Defendants' redaction of the account numbers prevents them from being tied to the accounts ending in 0942 or 2744.

**Meet and Confer.** On October 7, Plaintiffs identified these deficiencies in writing and asked Defendants, by noon today, to (1) re-produce all records without redactions and (2) identify in writing, for each account produced, the full account number, account holder and address, dates opened and closed, and whether Defendants contend documents reflect information for accounts 0942 and 2744. (Ex. B). As of this filing, Defendants have neither re-produced the unredacted bank records nor identified the accounts.[2]

**Defendants' Representations.** The Production is also difficult to reconcile with the representations on which Defendants obtained their extension. Citibank's cover letter, included in the production, reflects a records request dated September 18, the day after Defendants told the Court the banks needed seven to ten days, and a response dated September 21, the next business day. BMC-ECOPLAST-022351. Defendants nonetheless produced in the final hour of the extended deadline and produced records that are neither complete nor unredacted. Even as redacted, the records reflect Home Depot payments that cannot be reconciled with the BLUE FIRE sales figures Defendants have given under oath. (*See* Dkt. 188 at 2).

**Relief Requested.** Plaintiffs respectfully request that the Court:

> (1) order Defendants, within three days, to re-produce BMC-ECOPLAST-022171–022363 without redaction, and to serve a declaration of Mr. Wachsler identifying, for each account produced, the full account number, account holder and address, dates opened and closed, and whether it is account 0942 or 2744; and
>
> (2) award Plaintiffs the reasonable expenses, including attorneys' fees, caused by Defendants' noncompliance, Fed. R. Civ. P. 37(b)(2)(C).

Plaintiffs thank the Court for its consideration of the relief requested herein.

Respectfully submitted,

*/s/ Christopher A. Colvin*
Christopher A. Colvin
PRACTUS LLP
*Attorneys for Plaintiff*
*Weather Brands LLC*

*/s/ Matthew McFarlane*
Matthew McFarlane
PRACTUS LLP
*Attorneys for Plaintiff-Intervenor*
*All Season Power LLC*

[2] Plaintiffs' October 7 writing also identified missing periods in the Production: Defendants produced 27 monthly statements, not the 84 statements Defendants told the Court they would be producing, and Defendants produced no statements for the period of January 24 through October 15, 2024. (Ex. B). Plaintiffs gave Defendants until October 13 to address those additional gaps and will raise them separately if they are not resolved.