**[Exhibit B]**

**Chris Colvin**

**From:** Chris Colvin
**Sent:** Wednesday, October 7, 2026 5:19 PM
**To:** 'Christian Julian Perez'; Michael Steinmetz; Pranav Katti
**Cc:** Matthew McFarlane
**Subject:** RE: 1/2 - Weather Brands v Blue Mineral et al - Defendants' Bank Records Production – BMC-ECOPLAST-022171–022363

Dear Counsel,

We have reviewed Defendants' October 6 production of bank records at BMC-ECOPLAST-022171 through BMC-ECOPLAST-022363 (the "Bank Record Production"). The Bank Record Production does not satisfy the Court's September 14 Order (Dkt. 193), and also evidences Defendants' material misrepresentations of fact to the Court in seeking additional time to comply with the Order. (Dkt. 198).

Dkt. 193 granted Plaintiffs' request for the account-holder name and address and the records of all deposits and withdrawals for the Citibank account ending in 0942 and the Signature Bank account ending in 2744 for the period January 2023 through June 2026. The Order does not permit redaction of anything from the records you were ordered to produce. In seeking an extension of time to comply with the order, you described the Order as requiring "account-holder names and addresses and deposit and withdrawal records for two accounts **over the 42-month period** from January 2023 through June 2026." You further represented that the records would be obtained directly from the financial institutions, could include approximately 84 monthly statements plus supporting transaction records, and would be reviewed and "**produce[d] in full.**" Based on your representations, the Court granted the requested extension. (Dkt. 198). The October 6 production leaves substantial portions of that ordered production missing or redacted, however, which both violates the Order itself (which does not permit redaction or omission of responsive records) and directly contradicts the representation you made to the Court in seeking an extension (i.e., that the records would be "produce[d] in full").

On or before 12:00 noon on **Friday, October 9, 2026**, please provide the following to avoid further motion practice:

**1. Unredacted reproduction.** Please re-produce BMC-ECOPLAST-022171 through BMC-ECOPLAST-022363 without redactions. The Bank Record Production redacts the account numbers, balances, online-transfer counterparties, beneficiary account information, portions of wire information, and in several instances entire transaction entries (all violations of the Order and your representation to "produce in full" the bank records). Importantly, Dkt. 193 requires the production of records of **all deposits and withdrawals**, and Defendants represented that the responsive bank records would be "produce[d] in full". Redacting a withdrawal or the destination of a transfer clearly violates the Order.

**2. Identify the accounts produced.** For each account reflected in the Bank Record Production, please confirm in writing the full account number, account holder and address, date opened, date closed if applicable, and whether Defendants contend that the account is the Citibank account ending in 0942 or the Signature Bank account ending in 2744 identified in Dkt. 193. Because you have improperly redacted **every account number**, the production does not permit Plaintiffs to determine whether Defendants produced the records from the two accounts specifically identified in the Order.

On or before **<u>Tuesday, October 13, 2026</u>**, please provide the following to avoid further motion practice:

**3. Citibank account ending in 0942.** The earliest Citi statement in the Bank Record Production begins July 26, 2023. The records are consistent with the account having opened on that date, but they do not establish that fact because the account number and beginning balance are redacted. Please produce all prior statements for account 0942 from January 1 through July 25, 2023 or documents sufficient to establish the exact date on which the account was opened. Or, if the account was opened on July 26, 2023, please make a representation of counsel to that effect, indicating the source of funds used to provide the opening balance on July 26, 2023, which will be known once unredacted versions of the produced documents are received (see #1, above). In addition, the January 23, 2024 statement states that it is the final statement and that the account was closed. Plaintiffs call for an additional production of documents sufficient to establish the date and circumstances of the account's closure, including any available closure request, confirmation, or account-maintenance record.

**4. Signature/Flagstar account ending in 2744.** The Flagstar records in the Bank Record Production begin only in October 2024. The Court's Order, however, requires records for account 2744 beginning in January 2023, and Defendants told the Court (in seeking an extension of time) that the ordered period for both accounts was the **<u>full 42 months</u>** from January 2023 through June 2026. Please produce all statements and supporting transaction records for account 2744 from January 1, 2023 through October 15, 2024. If Defendants contend that account 2744 did not exist during any portion of that period, please provide documents from the financial institution sufficient to establish when the account was opened, closed, converted, transferred, or renumbered, and explain the relationship between account 2744 and the Flagstar account reflected in the production.

**5. Receipt of Home Depot payments during the 2024 gap.** The Citibank account received repeated Home Depot payments in January 2024 and then closed on or before the statement date of January 23, 2024. The later Flagstar statements again show recurring Home Depot payments. Yet no account statements have been produced for the period covering January 18, 2024 (the date of the last Citibank transaction) through October 15, 2024. Please identify every BMC account that received a Home Depot payment during that period and produce the complete statements for each such account. This information falls directly within the discovery underlying Dkt. 193, which sought records of payments received from Home Depot.

**6. Other financial accounts identified.** The Court ordered production pursuant to RFP 62, which seeks bank and other financial-account records for accounts held by, in the name of, or controlled by BMC or Barry Wachsler. Therefore, please produce all statements and records relating to the following accounts identified in the Bank Record Production:

a) BMC Brokerage Account at Charles Schwab (*see, e.g.*, BMC-ECOPLAST-022213)
b) Barry Wachsler's Schwab Account (*see, e.g.*, BMC-ECOPLAST-022310)
c) A second, linked Citibank Checking Account (*see, e.g.*, BMC-ECOPLAST-022354)
d) Another "Blue Mineral Corporation" Account (*see, e.g.*, BMC-ECOPLAST-022171)
e) Additional Flagstar accounts (*see, e.g.*, BMC-ECOPLAST-022186)
f) Credit Card Accounts (*see, e.g.*, BMC-ECOPLAST-022188, BMC-ECOPLAST-022186)
g) TYH ALGOTRADING LLC (*see, e.g.*, BMC-ECOPLAST-022288)
h) Whatever account received Home Depot payments between January 18, 2024 and October 15, 2024 (see #5, above)

The cure periods Plaintiffs set are reasonable. Defendants received an extension through October 6 based upon your representations to the Court that of an estimated seven to ten business days to furnish the records and that Defendants required the additional time to review those records for completeness and make a compliant production. However, the produced correspondence with Citibank reflects a September 18, 2026 request for records with production on September 21 (*see* BMC-ECOPLAST-022351), confirming that bank records were , in fact, obtained within three days of BMC's request.

If the above-identified deficiencies are not timely cured as demanded, Plaintiffs will seek appropriate relief from the Court, based on Defendants' continuing failure to comply with Dkt. 193 and to adhere to your own representations made in obtaining the extension granted at Dkt. 198.

Regards,
Chris Colvin

**Chris Colvin**
Partner
PRACTUS
(917) 722-8601
chris.colvin@practus.com
My Bio | Connect on LinkedIn

---

**From:** Christian Julian Perez <cjp@gs2law.com>
**Sent:** Tuesday, October 6, 2026 11:16 PM
**To:** Chris Colvin <chris.colvin@practus.com>; Matthew McFarlane <matthew.mcfarlane@practus.com>; Michael Steinmetz <ms@gs2law.com>; Pranav Katti <pk@gs2law.com>
**Subject:** 1/2 - Weather Brands v Blue Mineral et al - Defendants' Bank Records Production – BMC-ECOPLAST-022171–022363

Counsel,

We are producing Defendants' responsive bank statements, Bates-stamped **BMC-ECOPLAST-022171 through BMC-ECOPLAST-022363**, through the Dropbox link below. The production consists of five PDFs totaling 193 pages.

Dropbox
URL: https://www.dropbox.com/scl/fo/gb5fog4ggs2jeicnwbtrx/ACKxhNhlC7DOSiVJ5ZvaFwI?rlkey=y3j38n5mhd97iqsewdg1kz0yq&st=qecv54ns&dl=0

We designate all documents in this production **ATTORNEYS EYES ONLY - HIGHLY CONFIDENTIAL**, as marked on each page. Please maintain that designation when handling and sharing these materials.

We will send the password in a separate email shortly. Please confirm receipt and let us know of any difficulty accessing the files.

Thanks,

--

Christian Julian Perez
Associate
**Garson, Ségal, Steinmetz, Fladgate LLP**
225 Broadway, 37th Floor
New York, NY 10007
**T** +1-212-380-3623
cjp@gs2law.com
www.gs2law.com

CONFIDENTIALITY NOTICE: This e-mail transmission (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.