The defendants shall produce, today, the unredacted account records for accounts -0942 and -2744. By October 14, Mr. Wachtler shall produce the explanatory information requested in plaintiff's October 9 letter, Dkt. No. 212. Any response to the request for fees is due October 15.

Denise Cote
10/13/26

PRACTUS
CHRIS COLVIN, Partner
chris.colvin@practus.com
543 E. 17th Street
Brooklyn, NY 11226
(212) 619-5378

*via ECF*

October 9, 2026

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-2423-DLC-SLC;
**Reply in Support of Letter-Motion to Compel Compliance with the Court's September 14, 2026 Order (Dkt. 193)**

Dear Judge Cote:

Plaintiffs respectfully submit this short reply to Defendants' response at Dkt. 213.

Defendants' response does not address the issue before the Court. The parties already met and conferred concerning these bank records before Plaintiffs filed Dkt. 188, and the Court thereafter ordered their production. (Dkt. 193). This motion seeks Defendants' compliance with the clear terms of the Court's Order, not any resolution of a new discovery dispute. No further conference is required before enforcement of an existing discovery order. Your Honor's Individual Practices, Rule 2.C, requires conferral only when a party "wish[es] to raise a discovery dispute," and Rule 4.A's pre-motion-conference carve-out is expressly limited to those same disputes.

In any event, Plaintiffs notified Defendants of the violations on October 7 and gave them ample time to produce the unredacted documents. This was not a burdensome request requiring investigation or negotiation. Defendants necessarily possessed the unredacted records from which their redacted production was created. Yet Defendants neither produced those records nor offered any justification for the redactions. Moreover, if Defendants had a substantive response ready when they filed Dkt. 213, they could have provided it to Plaintiffs or the Court. They have done neither, and as of this filing, still have not provided that response.

Dkt. 213 also incorrectly states that Plaintiffs agreed to withdraw their motion "upon Defendants' response." Plaintiffs agreed to withdraw the motion if, and only if, Defendants complied with the Court's Order. Plaintiffs' October 9 email stated: "If you comply today . . . we will withdraw that letter motion." (Dkt. 213-1 at 1). A promise to provide another response, at a later time, is not compliance and is not production of a complete set of court-ordered bank records without redactions.

Finally, these bank records are not collateral discovery. Plaintiffs requested them months ago, and their importance cannot be overstated. The Court compelled their production after Plaintiffs demonstrated substantial discrepancies among Defendants' sworn sales figures, their QuickBooks data, and Home Depot's records. The bank records go directly to the amount of Defendants' sales of accused infringing products and therefore to the damages caused by the wrongful conduct alleged in this action.

Plaintiffs therefore respectfully request that the Court grant the relief requested in Dkt. 212.

Respectfully submitted,

*/s/ Christopher A. Colvin*
Christopher A. Colvin
PRACTUS LLP
*Attorneys for Plaintiff*
*Weather Brands LLC*

*/s/ Matthew McFarlane*
Matthew McFarlane
PRACTUS LLP
*Attorneys for Plaintiff-Intervenor*
*All Season Power LLC*