PRACTUS
MATTHEW MCFARLANE, Partner
matthew.mcfarlane@practus.com
1014 W 36th Street, Suite 103
Baltimore, MD 21211
(410) 657-8633

October 19, 2026 ***via ECF***

The Honorable Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corp. et al.*, No. 1:25-cv-2423-DLC-SLC
**Response to Defendants' Motion for Protective Order (Dkt. 220)**

Dear Judge Cote:

Plaintiff Weather Brands LLC ("Weather Brands") and Plaintiff-Intervenor All Season Power LLC ("ASP") (together, "Plaintiffs") respectfully submit this letter in response to Defendants' October 16, 2026 letter motion. (Dkt. 220). Plaintiffs ***oppose*** the motion for protective order as to the Rule 45 subpoena issued to Ilana Lent but ***join*** Defendants' request for an informal conference.

Plaintiffs obtained the bank records only after an order compelling production and obtained them without redactions only after a second order. (Dkt. 193, 217; *see* 218 ¶ 2). The unredacted records, interpreted together with recent third-party document productions, increasingly indicate that, within months of assignment of the asserted trademarks and the associated goodwill to Plaintiffs' predecessor, Snow Joe LLC, Mr. Wachsler, assisted by Ilana Lent, set about building a competing ice-melt business that leveraged those very assets recently conveyed to Plaintiffs' predecessors.

As the parties seeking a protective order, Defendants bear the burden of showing "good cause," which requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Rep. of Turkey v. Christie's, Inc.*, 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018). The subpoena to Ms. Lent is governed by the same measure because a Rule 45 subpoena is subject to Rule 26(b)(1)'s relevance standard, and the party moving to quash or limit bears the burden of establishing a ground to do so. *See Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57-58 (S.D.N.Y. 2018). The discovery sought is relevant to existing claims and proportional to the needs of the case, and its potential to support additional claims does not make it any less discoverable. Fed. R. Civ. P. 26(b)(1) & advisory committee's note to 2015 amendment.

**The Lent discovery bears directly on Plaintiffs' pleaded claims.** Defendants' motion rests on the premise that Ms. Lent's testimony and documents could matter only to a trade-secret or "confidential information" claim that the operative complaint does not assert. That mischaracterizes the discovery sought. Ms. Lent worked for both the prior owner (NorthRock Minerals LLC) and purchaser (Snow Joe LLC) of the trademarks at issue and now works for Defendants' ice-melt business. Her role, knowledge, and continuity of employment bear directly on elements Plaintiffs must prove to support pleaded claims, in particular the willfulness of Defendants' infringement and the bad faith element of Plaintiffs' New York unfair-competition claim. Lent's use of confidential information may illuminate Defendants' intent to exploit the asserted marks' goodwill, whether or not consumers saw that information. *See Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 388-89 (2d Cir. 2005) (considering decision makers' knowledge of the senior user's mark in assessing bad faith in adopting the accused mark).

Plaintiffs allege that Defendants' infringement is knowing and willful, and that Mr. Wachsler was intimately involved with both the prior owners of the marks and customers for products bearing those marks. Ms. Lent likewise provides the same continuity of access to information relating to the transfer of the ice-melt business and asserted marks to Plaintiffs' predecessor entity. A nonparty need not be named in a pleading to be a relevant source of evidence on a pleaded issue. Ms. Lent can testify to her own participation and knowledge, while Defendants remain responsible for responsive records within their possession, custody, or control, including her BMC mailbox.

**Newly disclosed financial evidence warrants further inquiry.** The unredacted records, considered with recent third-party document productions, have enabled Plaintiffs to identify additional accounts used in Defendants' ice-melt business and a separate, Defendant-controlled entity involved in very large transfers of funds. Defendants dismiss the information disclosed beyond their October 9 offer as "running balances and full account numbers." (Dkt. 219 at 2 (§ 4)). But those account numbers have helped identify additional accounts and trace transfers involving the previously undisclosed entity. Mr. Wachsler acknowledges that other account numbers and names appear as transaction sources or destinations, without explaining their ownership or role. (Dkt. 218 ¶ 5). Defendants now seek to foreclose examination of Ms. Lent about the accounting, sales, and funds transfers these disclosures bring into question.

The *NorthRock Management LLC v. Cohen* action Defendants invoke (Dkt. 220 at 1 n.1 & Ex. C) does not resolve the issues presented here. That earlier action was a contract and business dispute that similarly related to NorthRock's sale of the ice-melt business that Mr. Wachsler controlled to Snow Joe LLC. That court's non-compete ruling turned on insufficient evidence that Moshe Wechsler participated in Mr. Wachsler's competing business, while Mr. Wachsler himself was not bound by the covenant. (Dkt. 220, Ex. C at 19-22). That other action did not decide whether Defendants' accused products infringe the asserted marks or whether Mr. Wachsler acted willfully or in bad faith. Mr. Wachsler's freedom to compete does not establish his freedom to infringe and provides no basis to foreclose discovery from Ms. Lent relevant to willfulness or bad faith.

**The discovery impasse requires the Court's intervention.** The Court has already permitted the parties to consent to an extension of fact discovery into the period allotted for expert discovery. (Dkt. 164). Defendants withhold that consent while invoking timeliness to block Ms. Lent's document production and related party discovery. Plaintiffs request that the Court resolve this impasse at the conference.

For these reasons, Plaintiffs respectfully request that the Court (*i*) deny Defendants' motion for a protective order, and (*ii*) set an informal conference to address the newly discovered bank-record evidence and the further discovery needed to determine its significance to Plaintiffs' claims.

We thank the Court for its attention to these matters.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew McFarlane* | */s/ Christopher Colvin* |
| Matthew McFarlane | Christopher Colvin |
| PRACTUS LLP | PRACTUS LLP |
| *Attorneys for Plaintiff-Intervenor* | *Attorneys for Plaintiff* |
| *All Season Power LLC* | *Weather Brands LLC* |