GS2LAW

Pranav L. Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

**Via ECF** October 19, 2026

Hon. Denise L. Cote
United States District Judge, Southern District of New York
500 Pearl Street,
New York, New York 10007

**Re:** ***Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-02423 (DLC) Reply in Further Support of Defendants' Letter-Motion for a Protective Order (Dkt. No. 220)**

Dear Judge Cote:

Defendants Blue Mineral Corporation ("BMC") and Barry Wachsler submit this reply in further support of their letter-motion for a protective order regarding Plaintiffs' Rule 45 subpoena to nonparty Ilana Lent (Dkt. No. 220), and in response to Plaintiffs' October 19 letter. Dkt. No. 221.

**Plaintiffs' "goodwill" theory confirms that the Lent discovery does not relate to the pleadings.** Plaintiffs argue that Ms. Lent's use of confidential information "may illuminate Defendants' intent to exploit the asserted marks' goodwill, whether or not consumers saw that information." Dkt. No. 221 at 1. That concession is dispositive. A mark's goodwill is the consumer association between the mark and its source, so by definition, a mark's goodwill must relate to information that consumers see and identify with the mark. Information consumers never saw could not have traded on that association. Plaintiffs' own authority shows the gap. *Star Industries* evaluated bad faith by looking at the junior user's knowledge of the senior user's ***mark***. 412 F.3d 373, 388–89 (2d Cir. 2005). Bad faith asks whether the defendant adopted its ***mark*** intending to capitalize on the senior user's reputation and goodwill and on confusion between the products. *Id.* Plaintiffs instead describe using a predecessor's confidential business information to build "a competing ice-melt business." Dkt. No. 221 at 1. That is a misappropriation theory the Second Amended Complaint does not plead. It pleads willfullness and unfair competition based on the asserted marks, not misappropriation of business information. Dkt. No. 133 at ¶¶ 56, 58, 69, 81, 86, 92, 126-129.

Plaintiffs do not dispute that Mr. Wachsler was free to compete (ECF No. 221 at 2), so evidence that Ms. Lent helped him build a competing business shows only lawful competition. They effectively concede the point by arguing that the discovery's "potential to support additional claims" does not make it less discoverable. *Id.* at 1. It does. Parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment; *see Lifeguard Licensing Corp. v. Kozak*, 2016 U.S. Dist. LEXIS 68724, at *6 (S.D.N.Y. May 23, 2016). Any evidence of Defendants' knowledge of the asserted marks is available from Mr. Wachsler himself, whom Plaintiffs allege applied to register BLUE HEAT in 2008. Dkt. No. 133-4. In any event, knowledge alone does not establish bad faith. *Star Indus.*, 412 F.3d at 388.

GS2LAW

Pranav L. Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

Plaintiffs also press for new nonparty discovery while their own production is still arriving. In the past week alone, ASP untimely produced tens of thousands documents totaling approximately 200,000 pages, well after the close of document discovery, which Defendants are still reviewing to prepare for the noticed depositions. It is not yet clear whether these voluminous productions have cured Plaintiffs' discovery deficiencies. Extending discovery to a nonparty in Israel on an unpleaded theory, before party discovery is even complete, is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**Plaintiffs' financial-records theory is new and targets the wrong witness.** Plaintiffs now say they need Ms. Lent to address "accounting, sales, and funds transfers" reflected in Defendants' bank records. Dkt. No. 221 at 2. Those are Defendants' own records. Defendants produced them under the Court's orders (Dkt. Nos. 193, 217), and Mr. Wachsler addressed them in his declaration. Dkt. No. 218. Questions about those records belong in party discovery, including the noticed Rule 30(b)(6) deposition of BMC. They do not justify deposing a nonparty who resides in Israel. Rule 26(b)(2)(C)(i) requires the Court to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive."

**Plaintiffs do not defend the timeliness of the subpoena's document requests.** Written discovery closed on August 31, 2026 (Dkt. No. 118), and the Court has held that extending discovery requires consent. Dkt. Nos. 164, 168. Plaintiffs served the subpoena after the Court authorized electronic service on September 17. Dkt. No. 195. Plaintiffs do not argue that its document requests were timely. They argue only that Defendants should consent to cure the delay. Dkt. No. 221 at 2. That concedes the point.

**Defendants have not withheld consent; Plaintiffs conditioned it on unrelated demands, contrary to Local Civil Rule 26.4(a).** Plaintiffs tell the Court that Defendants "withhold that consent" to extend fact discovery. *Id.* This is false. Defendants offered to consent to an extension so that all four noticed party depositions could go forward: Mr. Riley, Mr. Goldstein, Mr. Wachsler, and BMC. Plaintiffs conditioned their agreement on Defendants withdrawing their objections to Plaintiffs' September requests and serving substantive responses. Ex. D. Defendants declined to give up substantive objections in exchange for deposition dates.

Defendants respectfully request that the Court grant Dkt. No. 220. Defendants ask that in addition to the subpoena served on Ilana Lent, the Court also address at the conference a limited extension of fact discovery for the four noticed party depositions, and confirm that the August 31 document-discovery deadline (Dkt. No. 118) remains in effect.

Respectfully submitted,

/s/ *Pranav Katti*
Pranav Katti
**GARSON, SEGAL, STEINMETZ, FLADGATE, LLP**
cc: All counsel of record (via ECF)