PRACTUS
MATTHEW MCFARLANE, Partner
matthew.mcfarlane@practus.com
1014 W 36th Street, Suite 103
Baltimore, MD 21211
(410) 657-8633

October 19, 2026 ***via ECF***

The Honorable Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral LLC et al.*, No. 1:25-cv-2423-DLC-SLC
**Response to Defendants' Opposition to Attorney Fees & Costs (Dkt. 219)**

Dear Judge Cote:

Plaintiff Weather Brands LLC ("Weather Brands") and Plaintiff-Intervenor All Season Power LLC ("ASP") (together, "Plaintiffs") respectfully submit this letter in response to Defendants' October 15, 2026 letter (Dkt. 219) opposing Plaintiffs' request for attorney fees and expenses in their October 9, 2026 letter (Dkt. 212), resulting from Defendants' non-compliance with the Court's Order compelling production of bank records (Dkt. 193).

Dkt. 219 contains inaccuracies that require correction. Defendants assert that the only additional information revealed by the un-redaction of the bank records were "running balances and full account numbers." Dkt. 219, at 2. In truth, the prior redactions were hiding the entire existence of at least ***five*** additional accounts apparently controlled by Defendants (on top of the two accounts previously known by Plaintiffs), and to and from which Defendants were transferring and receiving large sums of money (often hundreds of thousands of dollars) on a regular basis.[1]

Additionally, third party discovery recently obtained from Kizewski Packaging Services LLC (Defendants' ice melt packager) shows that one newly revealed account in fact belongs to a previously unknown party called "Northrock Minerals 2 LLC" (never disclosed by Defendants in this litigation), an entity under the clear control of Defendant Wachsler according to the State of New Jersey Department of the Treasury, Division of Revenue and Enterprise Services. The Kizewski production shows that, in just a single month period spanning January-February 2026, Northrock Minerals 2 LLC made payments totaling approximately a quarter million dollars to Kizewski for the packaging of ice melt product on behalf of Defendants. (KIZEWSKI 0111-1113). It is therefore beyond dispute that this newly discovered party controls a newly discovered bank account that is intimately involved in Defendants' ice melt business.

In light of the foregoing revelations, made possible only after Defendants were compelled to produce bank records from the two previously identified accounts (and then ordered to remove redactions from those letters), Defendants' attempt to dismiss the unredacted information as "immaterial" (Dkt. 219, at 2), is simply not credible. Neither are Defendants' protestations that their redactions were "substantially justified" or that Defendants acted in good faith in withholding this highly material new evidence. (*Id.* at 1).

---

[1] The bank records have been marked as HC-AEO by Defendants, and therefore Plaintiffs cannot file them into the public record as an exhibit to this letter. (*E.g.*, BMC-ECOPLAST-002185, BMC-ECOPLAST-002198, BMC-ECOPLAST-002232, BMC-ECOPLAST-002235). However, if it pleases the Court, Plaintiffs will provide the bank records to the Court by email to chambers or some other secure method or simply bring printouts of the records to the informal conference already requested recently by all parties in the action. (Dkts. 220 and 221).

Indeed, those revelations raise larger issues in the case, including why a business that Defendants have repeatedly represented to the Court is run by one man (Defendant Barry Wachsler), selling one type of product (ice melt), to a single customer (Home Depot) needs (at present count) ***seven*** different bank accounts (the two previously known plus the five newly discovered accounts) and at least two different entities (Defendant Blue Mineral Corp. and the newly-discovered Northrock Minerals 2 LLC) to conduct such a "one-man shop."

Finally, as to the billing records of Plaintiffs' attorneys, (Dkt. 219, at 1), Plaintiffs will of course provide those as well as any other information that would be helpful to the Court in determining the amount of attorney fees and expenses to be awarded. Plaintiffs did not see the need to burden the Court with those records in advance of an order awarding those fees and expenses.

Accordingly, Plaintiffs respectfully request that the Court award Plaintiffs the reasonable expenses, including attorneys' fees, caused by Defendants' noncompliance with the Court's Order (Dkt. 193), pursuant to Fed. R. Civ. P. 37(b)(2)(C).

We thank the Court for its attention to these matters.

Respectfully submitted,

*/s/ Matthew McFarlane*
Matthew McFarlane
PRACTUS LLP
*Attorneys for Plaintiff-Intervenor*
*All Season Power LLC*

*/s/ Christopher Colvin*
Christopher Colvin
PRACTUS LLP
*Attorneys for Plaintiff*
*Weather Brands LLC*