GS2LAW

Pranav L. Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

***Via ECF*** October 20, 2026

Hon. Denise L. Cote
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-02423-DLC
**Response to Plaintiffs' October 19, 2026 Letter (Dkt. 223)**

Dear Judge Cote:

Defendants Blue Mineral Corporation ("BMC") and Barry Wachsler respectfully respond to Plaintiffs' October 19 letter. Dkt. No. 223. Plaintiffs' letter claims Defendants' redactions concealed five accounts and a "previously unknown" entity. The record shows otherwise. Defendants offered to unredact every one of those entries within hours of Plaintiffs' motion, before any ruling, and Plaintiffs identified NorthRock Minerals 2 LLC through a third-party subpoena, not through the unredaction. The fee request should be denied.

**Defendants Offered to Unredact the Entries Plaintiffs Now Say Were Concealed**

The accounts Plaintiffs' October 19 letter describes appear in BMC's statements only as the source or destination of individual transfers. On October 9, Defendants told Plaintiffs at 11:36 a.m. that a response to their objections would follow that day. Plaintiffs filed their letter-motion at 2:15 p.m. without waiting, and stated that if Defendants complied, they would withdraw the letter motion. Dkt. No. 219, Ex. A. At 6:04 p.m., Defendants offered to re-produce the statements with every transaction entry, counterparty, and wire detail unredacted. *Id.* Those are the entries in which each account Plaintiffs now describe appears.

Plaintiffs never responded to that offer. The Court ruled on October 13 (Dkt. No. 217), and Defendants produced the statements without redaction the same day. Defendants' description of the unredaction as revealing only "running balances and full account numbers" described what Defendants proposed to keep redacted after their October 9 offer, not the October 6 production. Withholding nothing but balances and full account numbers is not concealment.

**The Unredaction Did Not Reveal NorthRock Minerals 2 LLC**

Plaintiffs' October 19 letter asserts that its "revelations" were "made possible only after Defendants were compelled" to produce. Dkt. No. 223 at 1. Kizewski's records identify the payor on those transfers by name: NorthRock Minerals 2 LLC. Dkt. No. 223 at 1; KIZEWSKI 0111, 0113. Defendants' October 6 production already showed the date and amount of each transfer, and Kizewski's records show payments in matching amounts, received the same day, from a named payor. By Plaintiffs' own account, they connected an account to NorthRock Minerals 2 LLC through a Kizewski's production and New Jersey corporate records. *Id.* Neither source depended on the unredaction, and they discovered the NorthRock Minerals 2 LLC transfers irrespective of Plaintiffs unredacted production. **Those payments are BMC's own packaging costs, and they appear as BMC expenses in the transaction-level QuickBooks data Defendants produced under the Court's May 14 order (Dkt. 87)**. Whatever the merits of Plaintiffs' theory about that entity, it gives no reason to shift fees for a redaction dispute that Defendants offered to resolve.

GS2LAW

Pranav L. Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

Plaintiffs also could have identified NorthRock Minerals 2 LLC through reasonable diligence long before Kizewski's production. Plaintiffs have investigated Mr. Wachsler's NorthRock entities since before filing this action. Dkt. No. 133 ¶¶ 18–19, 51–59. A wildcard search for "Northrock" on the New Jersey business records portal that Plaintiffs cite in their own pleading (Dkt. No. 133 at 17 n.3) returns NorthRock Minerals 2 LLC, which has been on the public record since October 2022. Ex. 1 (collected on October 20, 2026).

Nor was the Kizewski production a recent development. Plaintiffs served their subpoena on Kizewski on May 26, 2026, and it specifically sought records of any payments to Kizewski by "any third party" on Defendants' behalf. Dkt. No. 98-1, Sched. A Topic 9, Sched. B Req. 8. Plaintiffs did not serve Kizewski's production on Defendants until October 15, nearly five months later.

**Plaintiffs' Account-and-Entity Narrative Is Not a Fee Issue**

The question under Rule 37(b)(2)(C) is whether Defendants' position was substantially justified when they took it. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). What Plaintiffs later deduced from a nonparty's production does not answer that question.

Plaintiffs' October 19 letter instead previews a theory that is not in this case. It asks why a business needs "seven" accounts and "two different entities." Dkt. No. 223 at 2. The Second Amended Complaint alleges only one alter-ego relationship: that BMC is Mr. Wachsler's alter ego. Dkt. No. 133 ¶ 15. It asserts no claim against any other entity. It specifically states that Plaintiffs' theory of Mr. Wachsler's personal liability does not depend on veil-piercing at all. *Id.* ¶ 94 & n.5. Plaintiffs also named the original NorthRock entities as defendants and later voluntarily dismissed them from the suit. Dkt. No. 33.

Plaintiffs first raised NorthRock Minerals 2 LLC and demands for records of accounts beyond the two covered by Dkt. No. 193, in an October 15 email. The parties have not conferred on those demands. If Plaintiffs pursue them, they can be addressed in the ordinary course. They are not a basis to award fees.

**The Bank Records Belong on the Docket Under Seal**

Plaintiffs offered to send Defendants' bank records to chambers by email. Dkt. No. 223 at 1 n.1. Defendants designated those records Highly Confidential – Attorneys' Eyes Only under the Stipulated Confidentiality Order. Dkt. No. 58. If Plaintiffs wish the Court to consider them, they should file them under seal in accordance with that Order and the Court's Individual Practices.

The informal conference the parties requested concerns Plaintiffs' subpoena to nonparty Ilana Lent. Dkt. Nos. 220, 221. Defendants do not consent to adding the fee request, or Plaintiffs' new account and entity demands, to that conference. For these reasons and those in Dkt. No. 219, Defendants respectfully request that the Court deny Plaintiffs' request for fees and expenses.

Respectfully submitted,

/s/ *Pranav Katti*
Pranav L. Katti
**GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**
*Attorneys for Defendants Blue Mineral Corporation and Barry Wachsler*