GS2LAW

Pranav L. Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

***Via ECF*** October 20, 2026

Hon. Denise L. Cote
United States District Judge, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-02423 (DLC) - **Letter-Motion to Compel Production by ASP**

Dear Judge Cote:

We represent Defendants Blue Mineral Corporation and Barry Wachsler. Under Section 2.C of Your Honor's Individual Practices and Fed. R. Civ. P. 37(a), Defendants move to compel Intervenor-Plaintiff All Season Power LLC ("ASP") to produce four categories of documents it has refused to produce, along with specimen samples. Document discovery closed August 31, 2026. Dkt. No. 118. ASP is now nearly two months past that date, and a month past the September 18 date Plaintiffs themselves proposed, with these items still withheld. Counsels' correspondence is attached as Exhibit A.

**Meet and Confer.** The parties conferred by teleconference on August 13, August 26, and September 2, 2026 regarding these items. ASP has since refused each item below in writing. Ex. A at 21–23 (Sept. 4), 11–12 (Sept. 11), 5–7 (Sept. 26), 2–3 (Oct. 8). After the Court's September 22 Order (Dkt. No. 207), Defendants asked on October 6 for a call limited to these items. *Id.* at 5. ASP declined: "Our prior conferences have consumed hours debating search terms, custodians, and collection methodology without narrowing the actual discovery disputes in any appreciable way. We do not intend to repeat that exercise." *Id.* at 4. ASP offered to confer only if Defendants were "specific about what dispute will be addressed." *Id.* On October 13, Defendants were specific: they set out ASP's position on each item, the requests at issue, and proposed dates. *Id.* at 1–2. ASP did not respond. The parties are at an impasse.

**1. Text Messages.** Plaintiffs told the Court that additional Goldstein and Cohen messages, including WhatsApp, "will be searched using those same search terms already used for the emails." Dkt. No. 161 at 1–2. On September 4, ASP said texts "will not be searched with any of those keywords." Ex. A at 23. On October 8, it offered to consider "more targeted requests." *Id.* at 3. On October 13, Defendants proposed one: ASP's own core email string, plus R-Best. *Id.* at 2. ASP did not respond. For example, ASP's produced emails relay inventory information "[f]rom text" (ASP049746–50, ASP049843–44) where the underlying message has not been produced. *Id.* at 2, 7. ASP's refusal to conduct a search based on Mr. Wachsler's supposed failure "to produce a single text message, despite being ordered to produce text messages, and despite being an individual party to the case" (*id.* at 3) is misplaced and inappropriate. Mr. Wachsler's collection was the subject of Plaintiffs' sanctions motion, which the Court denied. Dkt. No. 211. Plaintiffs sought sanctions against Defendants in part for not keyword-searching text messages. Dkt. Nos. 123-125. ASP cannot refuse to do the same.

**2. Specimen Production.** On August 27, Plaintiffs told the Court they had agreed to permit inspection of product specimens. Dkt. No. 161. On September 18, they said ASP "will complete" it. Dkt. No. 203 at 2. ASP now offers specimens only at its Rule 30(b)(6) deposition. Ex. A at 3. Inspection at the deposition defeats its purpose: Defendants cannot question ASP's witness about products they have not examined. Where Plaintiffs demanded that Defendants send a physical sample of each packaging, Defendants request that Plaintiffs do the same.

**3. Search Terms (RFPs 3, 4, 7, 8, 10–12, 14, 20, 23, 26–31, 33).** On August 19, ASP agreed to run !licens!, !acqui!, and !fire!. Ex. A at 31. On September 4 it dropped them, citing only an aggregate

70% volume reduction, and it refuses to give per-term hit counts. *Id.* at 12, 22. The licensing terms go to the transaction chain and Defendants' naked-licensing defense (RFPs 3, 4, 7, 33); fire! is the subject of RFP 8, which seeks communications about Defendants' BLUE FIRE and FLAKES OF FIRE marks. To answer ASP's volume objection, Defendants offered on August 25 to tie the remaining terms to the accused products and asserted marks with a limiter. *Id.* at 28. ASP rejected it without addressing the limiter. *Id.* at 6, 11. ASP also refuses to add BH-50, BH 50, AZ-BH-50, and R-Best, variants that appear in its own documents. *Id.* at 12. This is not a dispute over methodology ASP chose; ASP chose these terms, then withdrew them. A single aggregate burden figure is not the specificity Rule 34(b)(2)(B) requires. ASP's judgment about yield has already proven unreliable: after representing its production complete, ASP produced roughly 44,000 more documents, many of them highly relevant, once Defendants pressed for further searching. *Id.* at 17.

**<u>4. Mr. Ruiz's Mailbox (RFPs 3, 7, 8, 26–31, 33).</u>** ASP will not search its general counsel's mailbox because it assumes most of it is privileged. Ex. A at 7, 23. Privilege is claimed and logged document by document (Fed. R. Civ. P. 26(b)(5)(A); Local Civ. R. 26.2), not presumed for an entire account. Defendants seek only nonprivileged business communications about clearance, licensing, and enforcement of the asserted marks. Communications with licensees, retailers, and accused third parties are not privileged and bear directly on licensing control and enforcement. If it turns out that Mr. Ruiz's mailbox does not yield any nonprivileged documents, so be it, but ASP cannot refuse to do the search entirely.

**<u>5. Operational Reports (RFPs 2, 5, 9, 15, 18, 25).</u>** ASP withheld roughly 953 recurring reports as mostly unrelated to ice melt and asked Defendants to identify the information they need. On September 17, Defendants identified the specific fields in the Slow Movement, Open Sales, Product Demand, and Delaware Warehouse Delivery Reports and the request each category answers. Ex. A at 8. ASP's October 8 reply is that Defendants "have yet to identify the particular information they require." *Id.* at 3. ASP has not said what is missing from that list. Defendants seek those fields for the 61 ice-melt products ASP has itself identified, *id.* at 21, natively or filtered to those products. ASP's proposed Rule 1006 summaries would require the same isolation of ice-melt data ASP calls too burdensome, and Rule 1006 requires the underlying records to be available regardless. Fed. R. Evid. 1006(b).

**<u>Relief Requested.</u>** Defendants request an order directing ASP, within seven days, to: (a) run !licens!, !acqui!, and !fire!, the August 25 limited terms, and the four variants, and produce responsive documents; (b) search Mr. Ruiz's mailbox for nonprivileged communications concerning clearance, licensing, and enforcement, and log anything withheld; (c) produce the identified report fields for the 61 ice-melt products, natively or filtered; (d) send Defendants product specimens of each packaging; and (e) search the Goldstein and Cohen messages, including WhatsApp, with ASP's core email string plus R-Best, and produce responsive messages, including the message underlying ASP049746.

Defendants are still reviewing Plaintiffs' productions, including four ASP productions served between October 13 and October 17, and reserve the right to seek further relief as to any deficiencies they identify. Defendants also request leave to continue ASP's Rule 30(b)(6) deposition as to any documents produced after it.

Respectfully submitted,

<u>*/s/ Pranav Katti*</u>
Pranav L. Katti
*Counsel for Defendants Blue Mineral Corporation and Barry Wachsler*