**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

WEATHER BRANDS LLC,

*Plaintiff and Counterclaim-Defendant,*

ALL SEASON POWER LLC,

*Intervenor-Plaintiff and Counterclaim-Defendant*,

v.

BLUE MINERAL CORPORATION, BARRY WACHSLER and JOHN DOES 1-10,

*Defendants and Counterclaim-Plaintiffs.*

**Civil Case No. 25-cv-2423-DLC-SLC**

**DECLARATION OF MATTHEW MCFARLANE IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND TO MODIFY THE SCHEDULING ORDER**

I, Matthew McFarlane, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice before this Court and a Partner of Practus LLP, counsel for Intervenor-Plaintiff and Counterclaim-Defendant All Season Power LLC ("ASP"). I submit this declaration in support of Plaintiffs' Motion for Leave to File a Third Amended Complaint and to Modify the Scheduling Order (the "Motion").

2. I have been personally involved in the discovery proceedings underlying this Motion, including the preparation and service of discovery requests, communications and conferences with opposing counsel and third parties, review of discovery productions, and the investigation of the financial information that forms

the basis for the proposed amendments. The facts stated herein are based on my personal knowledge, my participation in these proceedings, and my review of the records identified herein.

3. Attached as **Exhibit 1** is a true and accurate copy of Plaintiffs' proposed Third Amended Complaint ("TAC"), including all exhibits thereto, designated therein as Exhibits A through FF as a single document.

4. Attached as **Exhibit 2** is a true and accurate redline comparison showing the changes made in the proposed TAC against the operative Second Amended Complaint (Dkt. 133).

5. From the outset of discovery, Plaintiffs sought financial records concerning Defendants' manufacture, distribution, and sales of the accused BLUE FIRE and FLAKES OF FIRE ice-melt products. Such records are relevant to the calculation of Defendants' sales, revenues, expenses, and profits, matters directly implicated by Plaintiffs' claims for monetary relief.

6. On January 30, 2026, Plaintiff Weather Brands LLC ("Weather Brands") served its first requests for production on Defendant Blue Mineral Corporation ("BMC"), including requests for financial records relating to the accused ice-melt business. Attached as **Exhibit 3** is a true and correct copy of Plaintiff Weather Brands' First Set of Requests for Production of Documents to Defendant Blue Mineral Corporation.

7. On March 3, 2026, BMC responded that, subject to their objections, they would produce responsive financial records. Attached as **Exhibit 4** is a true and correct copy of Defendant Blue Mineral Corporation's Responses and Objections

to Plaintiff Weather Brands LLC's First Set of Requests for Production of Documents.

8. Despite these requests and their response to produce documents, as of April 16, 2026, Defendants had produced only 44 Bates-stamped pages, none of which contained the requested financial information.

9. Plaintiffs moved to compel production on May 6, 2026. (Dkt. 78). Following the Court's May 14, 2026 hearing and May 15, 2026 Order, Defendants were required to produce QuickBooks sales information concerning the accused products by May 19, 2026. (Dkt. 87). Defendants failed to produce the information by that deadline.

10. On May 31, 2026, ASP served Defendants with All Season Power's First Request for Production to Defendants Blue Mineral Corporation and Barry Wachsler, a true and accurate copy of which is attached as **Exhibit 5**. ASP expressly requested records of payments received from Home Depot and other customers, including bank statements for the period January 1, 2023 through the present. (*E.g.*, RFP Nos. 3, 4).

11. Plaintiffs also pursued financial records directly from third parties. ASP served a subpoena requesting documents on Kizewski Packaging Services LLC ("Kizewski"), Defendants' ice-melt packager, on May 21, 2026. Plaintiffs also served a subpoena requesting documents on Home Depot, Defendants' principal customer for the accused BLUE FIRE products, on July 3, 2026. I participated in communications with counsel for Kizewski and counsel for Home Depot regarding compliance with those subpoenas.

12. On August 18, 2026, Home Depot, through Counsel, produced accounting records concerning its ice-melt purchases from Defendants. Negotiations with Home Depot concerning further production of responsive documents are ongoing.

13. Defendants' discovery responses identified Home Depot as their sole customer or retailer for the BLUE FIRE products. In sworn interrogatory responses, Defendants reported sales of approximately 275,000 units of BLUE FIRE through March 2026. A true and accurate copy of Defendant Blue Mineral Corporation's Responses and Objections to Plaintiff Weather Brands LLC's First Set of Interrogatories is attached hereto as **Exhibit 6**, and a true and accurate copy of Defendant Barry Wachsler's Responses and Objections to Plaintiff Weather Brands LLC's First Set of Interrogatories is attached hereto as **Exhibit 7**.

14. On September 3, 2026, counsel participated in a conference concerning Defendants' failure to produce the requested bank records. When the dispute could not be resolved, Plaintiffs filed their September 10 motion to compel. (Dkt. 188). The Court granted the motion, (Dkt. 193), then granted Defendants' requested 18-day extension of time to produce documents. (Dkt. 198).

15. On October 6, 2026, at approximately 11:16 p.m., Defendants produced 193 pages of bank records, designated Attorneys' Eyes Only, bearing Bates numbers BMC-ECOPLAST-022171 through BMC-ECOPLAST-022363. The records contained extensive redactions concealing account numbers, account balances, transaction counterparties, wire information, and, in certain instances, entire transaction entries

16. On October 7, 2026, Plaintiffs advised Defendants that the redactions prevented meaningful examination of the records and demanded their removal, together with information identifying the accounts appearing in the statements. When the parties failed to resolve the dispute, Plaintiffs filed a second motion to compel on October 9, 2026. (Dkt. 212).

17. On October 13, 2026, the Court granted in part Plaintiffs' second motion to compel and ordered Defendants to produce the unredacted bank records that same day. The Court also ordered Defendant Barry Wachsler to supply explanatory information by October 14. (Dkt. 217).

18. Defendants produced the unredacted statements on October 13, 2026 (the "Unredacted Records"). I reviewed those records and compared them against the prior redacted production and financial information obtained from third parties. The Unredacted Records are marked "Highly Confidential—Attorneys' Eyes Only," so I will keep my description of their contents at a high level to comply with the requirements of the Protective Order.

19. My examination of the Unredacted Records revealed account numbers and transactions involving at least five additional financial accounts beyond the two accounts that were the subject of the Court's September 14 and October 13 Orders. Certain transactions among those previously redacted accounts involved transfers of hundreds of thousands of dollars, including one transfer of approximately $800,000.

20. The Unredacted Records also established that the Citibank account closed on January 18, 2024, while the Flagstar account did not open until October

16, 2024. Defendant Wachsler subsequently confirmed these dates in his October 14, 2026 declaration. (Dkt. 218).

21. Plaintiffs have not received complete statements or equivalent transaction records for the additional accounts identified through the Unredacted Records.

22. Kizewski, through counsel, has so far made three productions of documents responsive to the subpoena served, on June 22, 2026, July 20, 2026, and October 9, 2026, each followed by discussions about Kizewski's further production. Of the three productions, the Kizewski documents produced to Plaintiffs on October 9, 2026 were relevant to the financial information supporting the Motion. Plaintiffs continue to discuss the potential for additional responsive documents with counsel for Kizewski. Plaintiffs produced all Kizewski documents received to date in a production to Defendants on October 15, 2026. A true and correct copy of Bates-labeled documents produced by Kizewski are attached hereto as **Exhibit 8**.

23. I also reviewed New Jersey corporate records relating to Northrock Minerals 2 LLC ("NRM2"). Those records identify NRM2 as a New Jersey limited liability company formed on October 19, 2022, identify Wachsler as a member or manager, and reflect the registration of "Northrock Minerals" as an alternate business name for distribution activities. True and accurate copies of the relevant records are attached as **Exhibit 9**.

24. On September 3, 2026, ASP served Defendants with additional requests for production and interrogatories seeking information concerning Defendants' financial accounts, related entities, communications, and relevant business relationships, including the Northrock entities and Ilana Lent. Defendants

served responses to those discovery requests on October 5, 2026. A true and correct copy of Defendants Blue Mineral Corporation and Barry Wachsler's Responses and Objections to Intervenor-Plaintiff All Season Power LLC's Second Set of Requests for Production (Nos. 64-83) is attached as **Exhibit 10**, and a true and correct copy of Defendants Blue Mineral Corporation and Barry Wachsler's Responses and Objections to Intervenor-Plaintiff All Season Power LLC's First Set of Interrogatories (Nos. 1-6) is attached as **Exhibit 11**.

25. With fact discovery presently scheduled to close on October 30, 2026, the time remaining is insufficient to obtain and review these records, resolve outstanding objections, complete necessary depositions, an permit meaningful investigation of the newly disclosed financial relationships.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 20, 2026
Baltimore, Maryland

*/s/ Matthew B. McFarlane*
Matthew B. McFarlane