UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

WEATHER BRANDS LLC,

Plaintiff,

ALL SEASON POWER LLC,

Intervenor,

-v-

BLUE MINERAL CORPORATION, et al.,

Defendants.

---------------------------------------- X

25cv2423 (DLC)

ORDER

DENISE COTE, District Judge:

The plaintiff Weather Brands LLC ("Weather Brands") and the intervenor-plaintiff All Season Power LLC ("ASP") moved on September 2, 2026 to dismiss the counterclaims filed by defendants Barry Wachsler and Blue Mineral Corporation ("Blue Mineral") on August 19. The defendants opposed the motion and filed, with leave of Court, a cross-motion to file the August 19 counterclaims nunc pro tunc. The defendants' motion is granted.

A December 11, 2025 Order set the deadline to amend pleadings as January 16, 2026. The defendants filed their answer without any counterclaims to the first amended complaint ("FAC") on December 26, 2025. On May 11, ASP's motion to intervene was granted. On July 24, the plaintiffs filed the second amended complaint ("SAC"). When the defendants filed

their answer on August 19, they included three counterclaims. The plaintiffs moved to dismiss the counterclaims on September 2. The Court granted the defendants' September 4 request to file a cross-motion seeking leave to file the August 19 counterclaims nunc pro tunc along with their opposition to the motion to dismiss. The motion to dismiss became fully submitted on October 2 and the cross-motion became fully submitted on October 9.

Defendants assert three counterclaims in the August 19 answer. Counterclaim I seeks a declaratory judgment against both plaintiffs of non-infringement, no false designation of unfair competition, no trade-dress infringement, and no dilution. Counterclaim II similarly requests a declaratory judgment concerning genericness, descriptiveness, lack of acquired distinctiveness, narrow scope, and abandonment for the asserted registrations. And Counterclaim III asserts cancellation and rectification of the register against Weather Brands for the same registrations. Counterclaims II and III rely on, among other arguments, a theory that Weather Brands abandoned its trademark through naked licensing to ASP.

Plaintiffs argue that the defendants were not diligent. That argument fails.

As the plaintiffs acknowledge, the naked licensing theory underlying Counterclaims II and III arises from events after the

January 16 amendment deadline. ASP's late intervention and subsequent discovery from that intervention allow the addition of the counterclaims.

Plaintiffs do not dispute that Counterclaim I mirrors the claims asserted in the SAC and does not expand the scope of litigation. The defendants deny any intention to further extend discovery based on the counterclaims. Accordingly, it is hereby

ORDERED that the defendants' September 18 motion to file the August 19 counterclaims nunc pro tunc is granted.

IT IS FURTHER ORDERED that the plaintiffs' September 2 motion to dismiss the counterclaims is denied.

Dated: New York, New York
October 20, 2026

DENISE COTE
United States District Judge