PRACTUS
CHRIS COLVIN, Partner
chris.colvin@practus.com
543 E. 17th Street
Brooklyn, NY 11226
(212) 619-5378

***via ECF***

October 21, 2026

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-2423-DLC-SLC
**Response to Defendants' Letter-Motion to Compel (Dkt. 225)**

Dear Judge Cote:

We represent Plaintiff Weather Brands LLC and Intervenor-Plaintiff All Season Power LLC ("ASP," together "Plaintiffs") and write in opposition to Defendants' October 20, 2026 letter-motion to compel. (Dkt. 225).

Defendants' motion is another example of their increasingly burdensome motion practice, pursued without the meaningful meet and confer required by Local Civil Rule 37.2, Section 2.C of the Court's Individual Practices, and the Court's September 22 Order. (Dkt. 207). Defendants again submit a 35-page email chain in place of a conference directed toward resolving disputes. (*See* Dkt. 197, 207 ("The Defendants must meet and confer with Plaintiffs before bringing any dispute to the Court.")). Plaintiffs have repeatedly asked Defendants to identify specific deficiencies in ASP's extensive document production (if any), explain the need for additional discovery, and engage in a practical discussion of proportionality. Defendants instead demand that Plaintiffs abandon all objections and undertake additional searches and production exercises, without meaningfully addressing the burden or necessity of those demands.

Although Defendants allude to and conflate various meet and confer sessions going back months, Defendants fail to accurately convey the substance of those conferences and, even worse, demand that the Court order relief (such as compelling various keyword searches) that had not been discussed specifically. Like Defendants' earlier attempts to circumvent the meet and confer process, this latest attempt should not be entertained, as that would reward Defendants for their ongoing refusal to engage in good faith discussions with Plaintiffs, though such discussions are foundational to the fact discovery process.

The letter motion's treatment of product specimens illustrates the problem. ASP already has produced high-resolution images of the ice melt specimens in its possession (Bates nos. ASP232320 - ASP232349)[1] and has offered to make those specimens available for inspection. Its offer to provide access at the Rule 30(b)(6) deposition was simply a convenient means of doing so, not a restriction on the method of inspection. (Dkt. 225-1 at 4). ASP remains willing to arrange inspection at another mutually convenient time and location. Likewise, ASP has already searched for and produced responsive text messages. Defendants have not demonstrated any deficiency sufficient to justify the

[1] ASP produced Plaintiffs' ice melt specimens to Defendants without a confidentiality designation, and if it pleases the Court it may view and download those specimens at the following website address: https://app.box.com/s/vso6llymb16et42j0qpz9pmk5spn78bi

additional searches they demand. Neither issue warranted a motion to compel, even if those matters had been discussed in substance, which they were not.

Plaintiffs' responsible approach to product specimens contrasts starkly with Defendants' cavalier attitude towards discovery. As the Court is aware, following a motion to compel, Defendants were ordered to produce all of their ice-melt specimens to Plaintiffs by May 19, 2026. (Dkt. 87). Defendants failed to comply with this order and belatedly sought an extension of time to June 25, 2026 to produce their ice-melt specimens. Defendants delivered ice melt specimens to Plaintiffs on June 26 (a day late) but that delivery did not include a BLUE FIRE specimen—the actual accused infringing product. Indeed, Defendants admitted at the July 10, 2026 hearing that they no longer possessed any BLUE FIRE specimens. (Dkt. 137-1 at 10:14-11:7). This despite the fact that Defendants' own QuickBooks data (also produced only after a motion to compel and this Court's order) shows that Defendants sold more than 240,000 units of BLUE FIRE after this action was commenced in March 2025. (Dkt. 127 at 5, ⁋ 11; Dkt. 229-1 at 30, ⁋ 110). In other words, hundreds of thousands of BLUE FIRE packages were despoiled long after Defendants were put on notice of their accused infringement through BLUE FIRE sales. It is hard to conceive of more relevant evidence, subject to a clear duty to preserve, than the actual accused product in a trademark infringement case. To date, Defendants still have made no attempt to account for this massive breach of their duty to preserve highly relevant evidence.

Defendants' approach to discovery has become untenable. ASP has already produced more than 230,000 pages (selected from among millions of "hits" returned) following extensive searches across eighteen custodians, yet Defendants continue to demand increasingly expansive discovery while imposing the expense of responding to successive filings. Meanwhile, Plaintiffs have required repeated judicial intervention to obtain basic and critical financial discovery concerning Defendants' accused infringing ice-melt business. As explained in Plaintiffs' pending motion for leave to amend and modify the scheduling order (Dkts. 227–229), recently obtained evidence has raised substantial questions concerning Defendants' financial arrangements and business operations that require further investigation, and possibly, oversight from the court to prevent dissipation of assets. Those issues are particularly pressing as another ice-melt season approaches in which Defendants will again likely obtain millions of dollars of sales of the accused infringing products. Defendants' repeated discovery motions consume the very resources Plaintiffs need to investigate those matters, pursue their claims, and determine the extent of Defendants' accused infringing ice-melt business.

The Court's meet-and-confer requirements exist to prevent precisely this sort of motion practice. Plaintiffs respectfully request that the Court deny Defendants' motion and require compliance with its September 22 Order before entertaining further discovery applications. Plaintiffs reserve their right to seek reasonable expenses and other appropriate relief for the continuing burden of Defendants' unjustified filings.

Plaintiffs thank Your Honor for your attention to this matter.

Respectfully submitted,

| | |
|---|---|
| *_/s/ Christopher A. Colvin_* | *_/s/ Matthew McFarlane_* |
| Christopher A. Colvin | Matthew McFarlane |
| PRACTUS LLP | PRACTUS LLP |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff-Intervenor* |
| *Weather Brands LLC* | *All Season Power LLC* |