PRACTUS
MATTHEW MCFARLANE, Partner
matthew.mcfarlane@practus.com
1014 W 36th Street, Suite 103
Baltimore, MD 21211
(410) 657-8633

November 2, 2026 ***via ECF***

The Honorable Denise L. Cote, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 18B
New York, New York 10007

Re: *Weather Brands LLC v. Blue Mineral Corp. et al.*, No. 1:25-cv-2423-DLC-SLC
**Plaintiffs' Letter Motion to Compel Discovery**

Dear Judge Cote:

Plaintiffs Weather Brands LLC and All Season Power LLC seek an order compelling Defendants Barry Wachsler and Blue Mineral Corporation ("BMC") to provide: ***(a)*** financial and entity records, ***(b)*** discovery relating to Ilana Lent, and ***(c)*** responses to September 3, 2026 written discovery, together with ***(d)*** referral of remaining discovery to Magistrate Judge Cave.

On October 15, 2026, Plaintiffs renewed and supplemented their prior discovery demands following the Court-ordered production of unredacted bank records and Wachsler's declaration (the "October Production"). (Dkts. 217–218). Counsel met and conferred by telephone on November 2, 2026 the first available date for defense counsel, without resolution of the disputes (*a*)-(*c*) presented below.

**a. Financial and Entity Records.** The October Production identified six additional financial accounts, substantial transfers, and transactions between NorthRock Minerals 2 LLC ("NRM2") and Defendants' ice-melt packaging supplier, Kizewski. Those records bear on the accused business's operations, revenues, willfulness, profits, and NRM2's potential liability, particularly given Defendants' description of BMC as a one-person operation serving primarily Home Depot. (*See* May 14, 2026 Hrg. Tr. 4-8, 20-21, 47:4-5). Plaintiffs therefore request complete, unredacted statements and supporting transaction records, from January 2023 through October 2026, identifying account ownership, counterparties, and sources and recipients of funds for the following accounts: ***(i)*** Account ending in xx5810, ***(ii)*** Account ending in xx5950, ***(iii)*** Citibank account no. 006877845429, ***(iv)*** Citibank account no. 006879883154, ***(v)*** Charles Schwab account no. 2473-0333; and ***(vi)*** Charles Schwab account no. 2388-5538.[1] Plaintiffs also request existing ownership, governance, and intercompany transaction records identifying the relationships among BMC, Wachsler, NRM2, and other entities involved in the accused business. At the November 2 meet and confer, Defendants expressly refused to produce these records absent an order from the Court. Plaintiffs request production of these records and information within five business days. Plaintiffs also request a sworn supplemental identification of every financial account held, maintained, or controlled by Defendants, or used to receive or disburse funds relating to the accused ice-melt business, including its account holder, institution, and purpose. Defendants should identify any requested records they contend are outside their possession, custody, or control and the person or entity holding them.

**b. Ilana Lent Discovery.** Plaintiffs have pursued discovery from and related to Ms. Lent since August. (*See* Dkts. 178, 195). The Court denied Defendants' recent request for a protective order.

[1] Accounts are identified on the following Bates-numbered pages from documents produced in the October Production: BMC-ECOPLAST-022174-75, -022184-85, -022188, -022197-98, -022211, -022226, -022286, -022288-89, -022303, -022307, -022323-25, -022335-36.

(Dkts. 220, 226). Ms. Lent's knowledge of Defendants' operations and the predecessor ice-melt business bears directly on willfulness, bad faith, and the financial arrangements now at issue. At the November 2 meet and confer, Defendants maintained that the denial of the protective order did not compel their affirmative cooperation, and refused further discovery absent another order from the Court. Therefore, Plaintiffs request an order compelling the production of: ***(i)* email and electronic records**, including the search and production of documents from the accounts ilana@bluemineral.com, lanomail@aol.com, ilana@northrm.com, ilent@snowjoe.com, and other accounts or devices used for Blue Mineral business, to the extent within Defendants' possession, custody, or control; ***(ii)* text and WhatsApp messages** between Wachsler and Lent, including communications associated with (516) 603-6982; and ***(iii)* deposition cooperation**, requiring Defendants to communicate promptly with Lent about available deposition dates, make reasonable efforts to secure her cooperation, and report those efforts to Plaintiffs. Plaintiffs request a written description of searches undertaken and that all productions be complete within ten business days.

**c. September 3 Written Discovery.** On September 3, 2026, ASP served its Second Set of Requests for Production (Nos. 64-83) and First Set of Interrogatories (Nos. 1-6), seeking information concerning Defendants' business operations, financial arrangements, related entities, and Ms. Lent's involvement. Defendants objected that the requests were untimely because the August 31 document-discovery deadline had passed. At the November 2 meet and confer, Defendants confirmed that they would not provide substantive responses absent a court order. Plaintiffs request substantive responses and production of responsive, nonprivileged documents within five business days, overruling Defendants' timeliness objection. The requested relief is consistent with Plaintiffs' pending motion for leave to amend and for a revised discovery schedule (Dkts. 227-229), which addresses the newly disclosed financial arrangements and related entities.

**d. Request for Magistrate Judge Supervision.** Defendants' position now requires Plaintiffs to obtain a separate order from this Court for each category of disputed discovery, even where the requested information arises directly from records produced under prior orders. The Court has already found Defendants in violation of a discovery order (June 11, 2026 Hrg. Tr. 9-10), twice compelled financial records (Dkts. 193, 217), and expressly directed Defendants to meet and confer before filing discovery motions (Dkt. 207). After months of correspondence, multiple applications, and the denial of protective relief, Defendants' insistence on yet another order reinforces the need for close supervision to bring this requested discovery to completion. Plaintiffs therefore respectfully request referral of these and any remaining discovery disputes to Magistrate Judge Sarah L. Cave for active supervision, including prompt conferences, firm production deadlines, and expedited resolution of disputes, so that remaining discovery can be completed without further unnecessary delay.

Plaintiffs respectfully request that the Court compel the discovery identified in Sections (a)-(c), subject to the deadlines specified above, and refer remaining discovery disputes to Magistrate Judge Cave for active supervision.

We thank the Court for its attention to these matters.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew McFarlane* | */s/ Christopher Colvin* |
| Matthew McFarlane | Christopher Colvin |
| PRACTUS LLP | PRACTUS LLP |
| *Attorneys for Plaintiff-Intervenor* | *Attorneys for Plaintiff* |
| *All Season Power LLC* | *Weather Brands LLC* |