Case 1:25-cv-02423-DLC Document 243 Filed 11/04/26 Page 1 of 2

GS2LAW

Pranav Katti
225 Broadway, 37th Floor
New York, NY 10007
Tel. +1 212.380.3623
pk@gs2law.com

Denied. Denise Cote 11/6/26

November 5, 2026

***VIA ECF***
Hon. Denise L. Cote
United States District Judge
500 Pearl Street
New York, New York 10007

**Re:** ***Weather Brands LLC v. Blue Mineral Corporation, et al.*, No. 1:25-cv-02423 (DLC)**
**Request for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint (Dkt. Nos. 227–230)**

Dear Judge Cote:

Defendants Blue Mineral Corporation and Barry Wachsler (together, "Defendants") respectfully request leave to file a sur-reply of no more than five pages in further opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint and to Modify the Scheduling Order (Dkt. Nos. 227–230), or, alternatively, that the Court consider this letter. Plaintiffs' reply (Dkt. No. 240) and the Second McFarlane Declaration (Dkt. No. 241) abandon the factual premise of the motion and substitute a new one. Defendants have had no opportunity to respond.

**Plaintiffs have abandoned the premise of their motion.** The first mentions of Northrock Minerals 2 LLC ("NRM2") in Plaintiffs' opening memorandum are as follows:

> "Once those redactions were removed, Plaintiffs discovered previously unidentified financial accounts, substantial transfers involving various entities, and evidence directly connecting ***a newly identified entity, Northrock Minerals 2 LLC***, to Defendants' accused ice-melt business." Dkt. No. 228 at 1 (emphasis added).

> "Documents from Kizewski ***revealed the involvement of a previously undisclosed entity, Northrock Minerals 2 LLC*** ("NRM2"), which made payments to Kizewski totaling approximately $250,000 during January and February 2026." *Id.* at 9 (emphasis added).

In each passage, "newly identified" and "previously undisclosed" refer to the entity itself, not to its connection to Defendants' business. The memorandum then presented, as a fresh finding, that New Jersey corporate records "identify Wachsler as a member or manager of NRM2." *Id.* at 9. It never disclosed that Plaintiffs' predecessor had named NRM2 by entity number in 2024 counterclaims, had served requests for admission on who controlled it, or had elicited Mr. Wachsler's 2024 testimony that he created it. Nothing elsewhere in the memorandum corrects that impression.

Plaintiffs' reply now backpedals. It acknowledges that the opening memorandum "referred to NRM2 as previously undisclosed," states for the first time that "NRM2's formation and existence were known," and recasts the "newly identified entity" and "previously undisclosed entity" as "NRM2's financial and operational involvement" rather than the entity itself. Dkt. No. 240 at 3. That is a correction, not a clarification, and Plaintiffs offer no explanation for the opening brief's contrary account.

**The new theory is contradicted by Plaintiffs' own record.** The reply asserts that "[b]efore the October Production, Plaintiffs did not possess evidence that NRM2 had any role in the ice-melt business," and that the need for discovery into NRM2 "was not foreseeable." Dkt. No. 240 at 3, 11. Plaintiffs' own documents show otherwise:

- In September 2024, Plaintiffs' predecessor Snow Joe LLC and Joseph Cohen identified NRM2 by name and New Jersey entity number among Northrock entities they alleged were "involved in the ice melt business," and served requests for admission directed to who controlled it. Declaration of Michael M. Steinmetz (Dkt. No. 236) ("Steinmetz Decl.") Exs. C, F (ASP359006–07, ASP359261).
- On November 1, 2024, Snow Joe's counsel confronted Mr. Wachsler with NRM2's formation record and elicited his testimony that he created it. *Id.* Ex. D-2, Wachsler Dep. Tr. 215:23–216:25 (ASP058401).
- ***On May 11, 2026, Plaintiffs' principals discussed that same transcript for use in this case, and Benjy Goldstein of Weather Brands surmised that Mr. Wachsler and Moshe Wechsler, Northrock's principal, "are connected post closing" and "that their plan all along was to compete with blue heat."*** ASP044876 (emphasis added).
- On September 3, 2026, ASP defined "Northrock" to include NRM2 by name and demanded the history of Mr. Wachsler's relationship with it. Steinmetz Decl. Ex. A at 4–5. The reply now characterizes those interrogatories as "an attempt to determine the relevance of NRM2 beyond the entity's existence." Dkt. No. 240 at 4.

Plaintiffs therefore knew of NRM2, knew that Mr. Wachsler created it shortly after the 2022 asset sale, suspected Northrock's involvement in his business, and were investigating NRM2's role in May, well before the alleged October discovery Plaintiffs claim could not have happened earlier. Plaintiffs' claims that they lacked evidence of NRM2's role before October, Dkt. No. 240 at 3, and that further investigation "could not reasonably have been anticipated," Dkt. No. 228 at 19, cannot be reconciled with that record. Good cause is lacking where an amendment rests on information the party "knew, or should have known, in advance of the deadline." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 U.S. Dist. LEXIS 72659, at *24 (S.D.N.Y. Aug. 14, 2009); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("a finding of 'good cause' depends on the diligence of the moving party").

**Plaintiffs' evidence came from their own subpoena, not from Defendants' October Bank Records Production.** The reply credits two sources for the same evidence: Kizewski's October 9 production, which supplied it "for the first time," and, on the same page, the "October Production" (Plaintiffs' term for Defendants' court-ordered bank records), from which it "emerged only." Dkt. No. 240 at 1, 5. Kizewski produced on October 9, before the Court's October 13 Order (Dkt. No. 217) and Defendants' October 14 production (Dkt. No. 218). Plaintiffs served that subpoena in May, expressly seeking payments made by third parties on Defendants' behalf, and received productions on June 22, July 20, and October 9. Dkt. No. 229 ¶¶ 11, 22. Whatever time Plaintiffs required to obtain Kizewski's records cannot be attributed to Defendants.[1] Despite serving a subpoena in May, Plaintiff inexplicably improperly asked about NMR2 in party discovery only on September 3, too late to obtain a response before close of document discovery.

Defendants respectfully request leave to file a sur-reply of no more than five pages, with exhibits, within three business days of the Court's order, and to file under seal, with privileged portions redacted, the Confidential May 11, 2026 emails quoted above (ASP044876–79).

Respectfully submitted,

*/s/ Pranav Katti*
Pranav L. Katti

---

1 The reply also cites the June 11, 2026 conference for the proposition that the Court "found that Defendants violated its production orders and ultimately compelled the October Production." Dkt. No. 240 at 2 (citing Dkt. No. 241-1 at 9:7–11:1). That finding concerned QuickBooks transaction data due May 19. Dkt. No. 241-1 at 5:21–6:5, 10:12–15. The bank records were produced within the time the Court allowed under Dkt. No. 193, and in unredacted form the day after Dkt. No. 217.