UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEATHER BRANDS LLC, Plaintiff, ALL SEASON POWER LLC, Intervenor, -v- BLUE MINERAL CORPORATION, et al., Defendants. | 25cv2423 (DLC) MEMORANDUM OPINION AND ORDER |

APPEARANCES:

For Plaintiff Weather Brands LLC:
Christopher Andrew Colvin
Practus, LLP
543 E. 17th Street
Brooklyn, NY 11226

For Intervenor Plaintiff All Season Power LLC:
Matthew B. McFarlane
Practus LLP
1014 W 36 St, Suite 103
Baltimore, MD 21211

For Defendants Blue Mineral Corp. and Barry Wachsler:
Michael Myer Steinmetz
Garson Segal Steinmetz Fladgate LLP
164 West 25th Street, Floor 11
New York, NY 10001

DENISE COTE, District Judge:

The plaintiffs, Weather Brands LLC ("Weather Brands") and All Season Power LLC ("All Season Power") seek to add another defendant to this action and have moved for leave to file a

Third Amended Complaint ("TAC") and to modify the scheduling order. For the following reasons, the motion is granted.

**Background**

Weather Brands brought this trademark action against Blue Mineral Corporation ("Blue Mineral") and its owner, Barry Wachsler, on March 24, 2025. The defendants moved to dismiss the action for failure to state a claim on June 21, 2025, and Weather Brands filed a First Amended Complaint ("FAC") on July 21, 2025. The defendants moved to dismiss the FAC on August 8, 2025, and the motion was denied at a December 11 conference. A scheduling order designated January 16, 2026 as the deadline for amendment of the pleadings or joinder of additional parties and set October 30, 2026 as the end of fact discovery. All Season Power moved to intervene and for leave to file a Second Amended Complaint ("SAC") on April 8, 2026. The Court granted that motion on May 11, and the SAC was filed on July 24, 2026.

The plaintiffs now seek to file a TAC to add Northrock Minerals 2 LLC ("NM2") as a defendant based on recently discovered evidence of its involvement in the allegedly infringing transactions at issue in this litigation. Weather Brands first sought financial records from the defendants on January 30, 2026 through the first set of requests for production. After the defendants did not produce the requested

financial information, the plaintiffs moved on May 6 to compel production of the defendants' financial records. After holding a conference on May 14, the Court issued a May 15 Order requiring the defendants to produce ice-melt sales data from their QuickBooks accounting system for the period January 2023 to December 2025 by no later than May 15, 2026. The defendants produced this information on June 25.

Plaintiffs sought third party discovery from one of the defendants' customers, Home Depot, as well as the defendants' packager, Kizewski Packaging Services LLC ("Kizewski"), on May 21, 2026 and July 3, 2026 respectively. Home Depot produced documents on August 18, 2026, and Kizewski produced data regarding financial transactions on October 9.

The discovery from Home Depot revealed a $1.6 million discrepancy between the Quickbooks sales information produced by the defendants on June 25, 2026 and Home Depot's financial records. As a result, Weather Brands and All Season Power moved on September 10 to compel production of the defendants' bank statements and financial records. The Court granted that request on September 14, and on October 6, the defendants produced the requested bank statements with extensive redactions. The redactions concealed account numbers, account balances, and counterparties for over one hundred online

transfers. On October 9, the plaintiffs moved to compel production of the unredacted bank statements. The Court granted that motion on October 13. The unredacted bank records showed substantial transfers of funds from financial accounts controlled by the defendants.

The October 9 productions from Kizewski revealed payments from NM2 in the amount of over $235,000 in January and February of 2026. New Jersey corporate records identify one of the defendants, Barry Wachsler, as a member or manager of NM2.

On October 20, 2026, the plaintiffs moved for leave to file a TAC, joining NM2 as a defendant. The plaintiffs have also moved to modify the December 11 Scheduling Order to extend the fact discovery deadline.

Blue Mineral and Wachsler opposed the motion on October 30, 2026. The motion became fully submitted on November 4.

**Discussion**

The plaintiffs argue that there is good cause under Federal Rule of Civil Procedure 16 to warrant modification of the scheduling order and for leave to amend. Under Rule 16, a schedule set by the court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." Callahan v. Cnty. of Suffolk, 96 F.4th 362, 370 (2d

Cir. 2024) (citation omitted). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." J.M. v. Sessions, 162 F.4th 364, 377 (2d Cir. 2025) (citation omitted). Rule 20 permits the joinder of defendants when the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a common question of law or fact. Fed. R. Civ. P. 20(a)(2).

The plaintiffs have shown that they were diligent in pursuing discovery. The recent disclosures of financial information related to the defendants and NM2 provide good cause for the amendment and modification to the scheduling order. Joinder of NM2 is proper because the plaintiffs seek relief against the company based on the same trademark infringement and unfair competition claims already pleaded in this action.

The defendants advance several arguments against amendment and modification to the scheduling order. First, they argue that amendment would further delay an already onerous and complex discovery schedule. It is the defendants who have added to the expense and burden of this litigation by their resistance

to discovery. It would be inefficient to require the plaintiffs to bring a separate action against NM2.

Next, the defendants contend that the plaintiffs have known of NM2's existence. The defendants do not contend, however, that the plaintiffs were aware of NM2's involvement in the defendants' ice-melt business as revealed in the October productions.

Finally, the defendants argue that the plaintiffs have not shown that NM2 itself engaged in trademark infringement. But the $235,000 in payments by NM2, an entity of which the defendant Barry Wachsler is a member or manager, to the same packaging service used by Blue Mineral appear to be directly relevant to the trademark infringement claims in this action.

**Conclusion**

The plaintiffs' October 20 motion to file the TAC and modify the scheduling order is granted.

Dated: New York, New York
November 18, 2026

DENISE COTE
United States District Judge